JAMES H. McKINNEY, Plaintiff in Error, v. JAMES H. SETTLES *et al.*, Defendants in Error.

1. To constitute a conveyance, there must be sufficient words showing an in-tention to grant an estate.

*Appeal from St. Louis Circuit Court.*

This was an ejectment originally instituted in Lincoln county, September, 1846, but afterwards removed, by change of venue, to St. Louis circuit court.

The appellant, who was the plaintiff below, claimed title under the following instrument of writing or deed, to wit:

35—VOL. XXXI.

"Know all men by these presents, that I, John McKinney, of Bourbon county, Kentucky, do also hereby sign over to my well beloved son, James Harvey McKinney, all my right, title, claim, interest, and demand of, in, and to a certain tract of land, containing three hundred and fifty arpens (equal to about two hundred and ninety-eight acres) of land, lying in Montgomery county, state of Missouri, and on a creek called Ramsey's creek, a branch of Mississippi, including Jonathan Bryan's improvement, which said tract of land I bought of Moses Rinney, and the same is confirmed by government, and the papers forwarded to government for a patent right; and as soon as the patent right and other necessary papers are obtained for making a more complete title or deed for the same, I do hereby bind myself and my other heirs to make to my said son, James Harvey McKinney, and his heirs, a good, sufficient right and title to the said described tract of land, clear from me or any of the rest of my heirs; to be the whole, sole, right and property of my said son, James H. McKinney, and his heirs, forever; and for the true performance of this my true desire and wish to be punctually performed, so soon as the same shall become legally in our power to be done, I bind myself and all the rest of my heirs to my said son, James H. McKinney, and his heirs, in the just and full sum of six hundred dollars.

In testimony whereof, I have hereunto set my hand and seal, this 23d day of October, 1823.

JOHN McKINNEY. [SEAL.]"

Attached to the above deed is this memorandum:

"N. B.—Whereas, there is near about two thousand acres more not yet divided among my said heirs, I allow my said son, James H. McKinney, to have twenty-two acres more added to his two hundred and ninety-eight acres in his second divide, or as to make his out equal to three hundred and twenty acres, which will make the above division nearly equal in value, &c. And I do hereby ordain these above or foregoing divisions (to save costs and trouble) to be a codicil

or supplement to my last will and testament; as witness my hand and seal the 23d October, 1823.

JOHN McKINNEY. [SEAL.]"

The above deed, together with five others of the same date and purport, for different tracts of land to five other children of John McKinney, were written on two sheets of paper attached together, and called in this suit Exhibit A.

On the second sheet appears this acknowledgment:

"Kentucky, Bourbon county, October.—This day John McKinney appeared before us, two of the acting justices of the peace for said county, and acknowledged the foregoing deeds of gift to Polly McPheters, Patsey McPheters, and Clarissa H. Montgomery, Sally Dawson, and John C. W. McKinney, and James H. McKinney, to be his act and deed.

Given under our hands this 23d October, 1823.

HENRY TIMBERLAKE,
BOON ENGELS."

The case in the court below resulted, at the November term, 1852, in an agreement, to wit:

"It is agreed that the late John McKinney legally signed, sealed and delivered the several instruments of writing contained in the paper A hereto annexed, at the respective dates thereof; and it is further agreed, that if the instrument contained in paper A, made to James H. McKinney, with the N. B. memorandum attached at the foot thereof, is a conveyance at law *in presenti* of the land mentioned therein sufficient to maintain ejectment, the plaintiff will be entitled to recover; but if the said instrument to said James H. McKinney is not a conveyance at law *in presenti* sufficient to maintain ejectment thereon, but only an agreement to convey, or something else, then the plaintiff is not entitled to recover."

This was the only matter submitted to the court below, which the court decided in the negative; that is, the court decided that the instrument mentioned was not an absolute engagement of the land as against the grantor sufficient to maintain ejectment.

The plaintiff took a non-suit with leave to move to set the same aside, and the case is hereby writ of error.

*L. K. Kinsey*, for plaintiff in error.

I. The deed or instrument is an absolute conveyance, and intended so to be in a partition by the grantor between his children.

II. The language in relation to perfecting the title, only amounts to a covenant for further assurance.

III. The deed contains, in the language of Chancellor Kent, " the name of the parties, the consideration for which the land was sold, the description of the subject granted, the quantity of interest conveyed," and has been signed, sealed, and delivered.

BATES, Judge, delivered the opinion of the court.

It is difficult to determine what was intended by the maker of the instrument under which the plaintiff claimed title. In the memorandum attached to the instrument, and signed by John McKinney, it is called a codicil or supplement to his last will and testament, whilst in the certificate of acknowledgment the whole are called " the foregoing deeds of gift." It may not be necessary to define what is the character of the instrument, for if it be not a deed of conveyance *in presenti*, the plaintiff can not recover upon it. In order to determine whether it be such a deed, the whole instrument must be taken together, and effect given, if possible, to every part of it. It does not contain the usual operative words of conveyance, and it contains an obligation to make (in the future) " a good, sufficient right and title to the said described tract of land, clear from me or any of the rest of my heirs, to the whole, sole right and property of my said son, James.H. McKinney, and his heirs, forever." It appears to be reasonable, upon consideration of the whole instrument, to suppose that John McKinney believed that he had no power then to convey, and, therefore, he, in order to make a sort of partition of lands among his

children, bound himself under a penalty to convey to each one a particularly described tract of land, so soon as he should have power to do so. Taking this to be the view and intention of John McKinney, we must see that he used words apt for that purpose. The only words which might by any construction be deemed operative words of present conveyance are the words " sign over." We can not, however, think that they import more than an assignment of John McKinney's interest in the land, the title to which was then imperfect and inchoate, and, therefore, not operating as a present conveyance of the land itself sufficient to maintain an action of ejectment in the name of James H. McKinney.

In the manner in which this case comes up, no question arises whether an after-acquired title by John McKinney would enure to the benefit of James H. McKinney.

The judgment below is affirmed. The other judges concur.