(131 So. 792)

### KING v. COFFEE et al.

### 8 Div. 189.

Supreme Court of Alabama.

Nov. 6, 1930.

Rehearing Denied Jan. 22, 1931.

Kirk & Rather, of Tuscumbia, and Andrews, Peach & Almon, of Sheffield, for appellant.

Mitchell & Hughston, of Florence, for appellees.

FOSTER, J.

The first subject for consideration on this appeal involves an interpretation of a partition deed between the heirs of Robert King. The rules which control the court in this respect are well settled by our cases.

One of the late cases, Long v. Holden, 216 Ala. 81, 112 So. 444, 446, 52 A. L. R. 536, expresses many of such rules. To repeat briefly: The conveyance must be so interpreted as to give effect to the intention of the parties, as manifested by its language, when the whole instrument is taken together, in connection with the subject-matter and surrounding circumstances. When so considered, the language is controlling. 18 Corpus Juris, 252. Consideration may also be given to the fact that the instrument shows that it was prepared by a person not acquainted with technical terms. Findley v. Hill, 133 Ala. 229, 32 So. 497; Castleberry v. Stringer, 176 Ala. 250, 57 So. 849.

This rule limits the inquiry to facts and circumstances, and does not give effect to what the parties may have otherwise stated, nor their negotiations, nor their purpose or intentions obtained through other sources. These matters all culminated in the document itself. So that much of the evidence in this case violates the rules, and cannot be considered. Many of the important facts are shown by the instrument itself, viz.: That the land in question was a part of a large tract owned by Robert King, deceased, and set aside to his widow as dower; that the widow was dead, and the purpose of the parties was that the "heirs, legatees and distributees" of Robert King shall thereby make a division and partition of the dower land. So that the instrument itself recites on its face that its purpose is to effect a division of the land. The names of the parties are grouped, showing their connection with deceased, and in each instance the name of the husband or wife is expressed, and it is also stated whether the one or the other is the heir. There are four parts or equal interests. Two of the children having died, their descendants are stated to be entitled to the parents' share. In describing the lands for each such four shares, the name of each of the members of the four groups is given, and the name of the spouse is stated, if there is one. In one clause of the deed the words used are that to such parties there "is set off" a certain portion of the land fully described. Following this is the granting clause, thus expressed: "And the said heirs, legatees and distributees herein mentioned do hereby reciprocally waive, convey and confirm unto each other their heirs and assigns all of their right, title, and interest in the several tracts of land allotted as described in this instrument of writing."

Section 6839, Code 1923, in effect when this instrument was executed, provides that: "Any instrument in writing, signed by the grantor * * * is effectual to transfer the legal title to the grantee, if such was the intention of the grantor, to be collected from the entire instrument." While such statute was in effect this court, in the case of Brewton v. Watson, 67 Ala. 121, stated the rule for construing words of grant, as follows: "Formal, technical words, are not necessary; and when an in-

tent that the estate shall pass is manifested, its words will, if possible, be so construed that it shall take effect. But the want of words cannot be supplied. The only words in the instrument which refer to the passing of title are, 'and the said S. C. Watson, upon the faithful performance of her part of this contract, shall have and be entitled to, at and after the death of said E. A. Browning, all the property, both real and personal, now owned by the said E. A. Browning, with the income and increase thereof, excepting the household furniture belonging to her, none of which is sold or contracted away by these articles of agreement.' These are words of covenant, of contract, not of conveyance. McKinney v. Settles, 31 Mo. 541; Chapman v. Glassell, 13 Ala. 50, 48 Am. Dec. 41; Love v. Crook, 27 Ala. 624; 3 Wash. Real. Prop. 329."

With equal force the statute was considered in Webb v. Mullins, 78 Ala. 111, where the following language was used: "The title to land can be transferred from one person to another, only by apposite and appropriate language. It was not the intention of the statute to dispense with the use of any words whatever, operative to convey. By the statute, the duty is imposed upon the courts to liberally construe the words employed in the conveyance as words of transfer, and give them effect and operation according to the intention of the grantor, to be collected from the entire instrument. There must, however, be some words intended as words of conveyance. They can not be supplied by judicial interpolation."

The foregoing quotations were referred to in the case of Long v. Holden, supra, where the deed contained the following words: "It is so understood that at my death this land is to go to my daughter, L. L. Holden." She was the grantee's daughter.

■■ The words used in the instrument in this case to wit, "is set off," are not words of grant or alienation in their ordinary sense. They import a meaning, otherwise expressed, that the parties are merely dividing the land among themselves, and designating a portion for each of the four shareholders, and their respective portions are therefore said to be "set off" for them. Under a statute of this state the homestead is "set apart" to the widow. The terms "set off," "set apart," and "designate," in this connection, would seem to carry the same idea. We could not call them words of alienation or grant unless such intention is otherwise apparent. Cloud v. Dean, 212 Ala. 305, 102 So. 437. In the place where the name of the spouse of such heir is stated, the words used are not therefore those of "grant or alienation." In the granting clause, however, the words used do import a grant or alienation. There the grantors and grantees alike are described as "said heirs, legatees and distributees." The instrument expressly states who are such heirs, and the name of each spouse respectively.

In some respects this deed is similar to that considered in Clark v. Northern Coal & Coke Co. (Ky.) 112 S. W. 629, 630, wherein the court expressed its interpretation of the deed as follows: "While the instrument is awkwardly drawn, when taken as a whole, we think it was manifestly intended to vest the title to both the land and the personal property in Russell Pinson. The deed is made evidently between the heirs of Henry Pinson, deceased. Russell Pinson was an heir of Henry Pinson, his wife was not. The sum of the instrument is that the other heirs of Henry Pinson vest in Russell Pinson the title to the personal property and this piece of land, and that he is to take care of his mother during life. The consideration of the deed moved from him. * * * Upon the whole instrument, we conclude that the word 'wife' was used in the caption by inadvertence, or was left there by inadvertence; that the deed was intended to embody a family settlement between the Pinson heirs; that no obligation was assumed by her; and no part of the property was vested in her."

We are not in agreement with the conclusion reached by the circuit court that Lucy S. King took the land as a cograntee with George P. King under the agreement whereby certain land of Robert King was divided among his heirs. That was its clear purpose, and she was not an heir.

■■ After the death of Lucy S. King, George P. King filed his bill in chancery, making the heirs of Lucy S. King parties, alleging that "through error the person who wrote the deed, conveyed to this complainant, George P. King and his wife Lucy S. King the land which was allotted to complainant, and should have been deeded to complainant." The bill sought a reformation of the deed. For answer, the respondents, among other things, set up (1) laches, (2) that the persons who executed the deed are not made parties, (3) and that the deed expresses on its face what was intended. There was a final decree adjudging that complainant was not entitled to relief, and dismissing the cause. No part of that proceeding here appears except the bill, answer, and decree.

Appellee claims that the effect of that decree is an adjudication upon the effect and construction of the deed, against the contention now made by complainant. Complainant is bound by the legal effect of that proceeding, the same as George P. King. She became his second wife, and claims under a deed from him executed after he filed that suit though before the final decree was entered.

The bill did not undertake to allege any excuse for such a long delay—twenty-six years. There is nothing to show what issues were

actually tried or on what grounds relief was denied. Relief could have been denied for want of averment showing sufficient excuse for such long delay. Lewis v. Belk, 219 Ala. 343, 122 So. 413.

It is also well settled that equity takes note of a want of necessary parties in a suit of this nature, and refuses to proceed until such parties are brought in. English v. Huckaba, 219 Ala. 526, 122 So. 841. The want of necessary parties was expressly brought to the court's attention in the answer.

The dismissal of the suit could therefore have been predicated upon laches, and staleness of the claim, or for want of necessary parties. If it had been dismissed on account of either cause, it would not be an adjudication on the merits of any other controversy or issue. Crausby v. Crausby, 164 Ala. 471, 51 So. 529; Chambers v. Chambers, 218 Ala. 192, 118 So. 385.

A former judgment is not a bar as res judicata unless it was on the merits of the case. Crausby v. Crausby, supra; McCall v. Jones, 72 Ala. 368. The point must be directly in question, and the judgment must be rendered on that point, or necessarily involved in a decision on the merits by reason of the broad extent of the issues. Gilbreath v. Jones, 66 Ala. 132; Tankersly v. Pettis, 71 Ala. 179; McCall v. Jones, supra. If the issue is broad enough to cover the question, though not necessarily involved, evidence aliunde is admissible to connect it with the record. Chamberlain v. Gaillard, 26 Ala. 504; McCall v. Jones, supra.

What issues were necessarily involved in the decree denying relief to complainant? We say necessarily involved, because there is no evidence aliunde here submitted. The question of merit was a prayer for reformation. If that was denied because of laches, it was a decision on the merits to that extent, and it concluded the parties as to any claim of reformation as much so as for want of proof. If it was denied for want of necessary parties, it should not be considered as decided upon the merits. But whether decided on the merits or not, and assuming every question was decreed adversely to complainant which could have been decided on the merits, what is the result? The bill sought a reformation. That was the matter of merit in it. That relief was denied. Assuming that it thereby precludes a further suit for reformation, that relief is not here sought, nor any right necessarily concluded in the decree denying that relief, the result is that the deed itself speaks the intention of the parties when properly interpreted and the court declined in that suit to say that it does not. It seems apparent that complainant in that suit interpreted it to convey an interest to Lucy S. King. But such interpretation was not the basis of any court action nor necessary to the decree rendered. It did not grant any relief upon that alleged meaning so that she would be estopped to deny such to be its proper meaning. Non constat the court may have decided that relief was not needed because the deed did not have the meaning so stated. We are in the dark as to the basis of the decree. It is sufficient to say that we see no reason why complainant is estopped thereby to give the true interpretation to the deed because of an erroneous one then entertained and expressed in the bill.

As we view the proceedings in the former suit, they amount to neither res judicata on the question here involved nor to an estoppel on complainant to insist on the interpretation made in this suit.

This being a statutory suit to quiet title, and finding that appellees have no right or title to, nor interest, claim, or lien on, the property, a decree will be here rendered to that effect and to reverse that of the circuit court.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.