(137 So. 667)
### JORDAN v. THARP et al.
### 3 Div. 967.

Supreme Court of Alabama.
Nov. 19, 1931.

W. A. Jordan, of Montgomery, for appellant.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellees.

BOULDIN, J.

This appeal involves the jurisdiction and power of the probate court to revoke the probate of a supposed will of a decedent, and admit to probate the true will.

The record discloses that on the death of F. B. Tharp in 1926 search was made for his will. The original was not found, but a supposed carbon copy was found in the files of his attorney. On an appropriate proceeding

this copy was proven and admitted to probate as the last will and testament of the decedent. In 1931 the original will, duly witnessed, was found.

The difference between the two is that in the copy supposed to be the true will the devise of the real estate reads: "All of my real estate, I devise and bequeath to my said wife, Kate Tharp, for her lifetime, and at her death to be divided equally between my children, or their descendants."

In the original, the devise reads: "All of my real estate, I devise and bequeath to my said wife, Kate Tharp, for her lifetime, and at her death to be divided equally between my children."

The attorney who drew and witnessed the will explains that evidently the first page of the will as first prepared was rewritten before execution so as to strike out the clause, "or their descendants."

At that time his children were his two sons, Earnest F. Tharp and Patrick H. Tharp, who still survive and instituted this proceeding.

A guardian ad litem was appointed to represent and protect the interests of their minor children, who answer to the description of descendants of children under the will as originally probated. The guardian ad litem appeals from the order revoking the former probate and admitting the original will to probate upon proof of due execution.

Courts of probate in this state have original and general jurisdiction of the probate of wills. Code, § 9579, subd. 1.

Where invested with such jurisdiction, the law, as declared generally in this country, is that, notwithstanding the probate is binding on all the world on collateral attack, the probate court on direct proceeding to that end, even after the end of the term, may revoke the probate for fraud or mistake.

Among the cases frequently presented is the discovery of a later will, or of a revocation of the will erroneously admitted to probate.

Whether the authority be referred to like power in the ecclesiastical courts in common-law times, or to the nature of the proceeding, such power is considered incidental to the general jurisdiction of courts of probate in the probate of wills.

While courts of equity, as a general rule, have exclusively jurisdiction to annul judgments at law as well as their own decrees because of fraud or mistake, the court having general jurisdiction to ascertain whether there is a will, and, if so, what the will is, is considered the appropriate tribunal in matters of this sort.

In a case such as this the rule is to first revoke the former probate, then proceed to the probate of the true will. Waters v. Stickney, 12 Allen (Mass.) 1, 15, 90 Am. Dec. 122, 133; Conzet v. Hibben, 272 Ill. 508, 112 N. E. 305, Ann. Cas. 1918A, 1197, 1199; Alexander's Commentaries on the Law of Wills, p. 2026, § 1317; Page on Wills, § 598 et seq.; 3 Schouler on Wills, p. 1898, § 1818; 50 Cyc. 1345 et seq.; 28 R. C. L. p. 395, § 404.

The like principle is recognized in our own cases, such as failure to give statutory notice to next of kin, although the requirement of notice is declared directory only, when dealing with the probate on collateral attack. Hill's Heirs v. Hill's Ex'rs, 6 Ala. 166, 168; Roy v. Segrist, 19 Ala. 810; Sowell v. Sowell's Adm'r, 40 Ala. 243; Martin v. King, 72 Ala. 354, 360.

We find no good cause to reverse the trial court on the question of proper diligence in making search for the original will in the first instance. Appellant insists this proceeding was a useless formality for that the copy first probated is in legal effect the same as the true will; that in both the children take a vested remainder in fee.

If so, no injury resulted to the infants represented by appellant. We need not, therefore, consider the insistence on this line.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.