196 So. 723

### CAVERNO et al. v. WEBB.

#### 6 Div. 685.

Supreme Court of Alabama.

May 23, 1940.

Rehearing Denied June 20, 1940.

672

Basil A. Wood and W. E. Howard, both of Birmingham, for appellants.

W. H. Sadler, Jr., of Birmingham, for appellee.

BOULDIN, Justice.

Joseph B. Andruss departed this life October 10, 1937. Five days later his will of date March 4, 1937, was propounded for probate in the Probate Court of Jefferson County, and on same date was admitted to probate and record.

Two months thereafter a bill in equity was filed by appellee, Mrs. C. P. Webb, to contest this will under Code § 10637, as amended by Acts 1931, p. 844.

As ground of contest complainant set up a codicil to the will dated September 18, 1937.

The estate of decedent included a house and lot in Mentone. In the will of March 4, 1937, probated as the last will and testament of decedent, this Mentone property was devised to his daughter, Maude Ellen Caverno, residuary devisee.

By the codicil this property was devised to complainant, Mrs. Webb, not of next kin.

. The trial court, by final decree upon pleadings and proof, sustained the codicil, and vacated the probate of the original will by the Court of Probate.

The appeal is to review this decree.

In sundry ways the respondent raised the question of the jurisdiction of the court of equity, in a contest under our statute, to determine the issues presented.

Appellants insist the real issue is the existence vel non of a valid testamentary instrument inconsistent with, and revoking pro tanto, the former will, and that the probate court, with general and exclusive jurisdiction of the probate of wills, is the only court in which such issue can be determined.

In effect, this view would limit our statute conferring on a court of equity jurisdiction of the contest of wills theretofore admitted to probate to issues going to the execution of the original will, testamentary capacity, or fraud or undue influence in its procurement.

This view is out of harmony with the long prevailing construction of our statute. Watson v. Turner, 89 Ala. 220, 8 So. 20; Hardy v. Hardy's Heirs, 26 Ala. 524, 526.

These cases deal directly with codicils inconsistent with the original will. In brief, they declare the statute confers a right to contest in equity upon any party adversely interested who has not contested the will in the probate court and upon any ground disclosing the will as probated was not the last will and testament of the decedent in whole or in part. In such case the probate of the original will is vacated that the last will and testament, the original and the codicil, be then admitted to probate, and become effective as of the date of the death of the testator.

As of course, the decree in equity establishing the codicil as a part of the last will, revoking pro tanto the original will, becomes conclusive evidence that the two instruments should be admitted to probate in the probate court upon application.

Analogy appears in our present statute for the transfer of contest proceedings in the probate court to the circuit court for trial, the result to be certified to the Probate Court.—Code, § 10636.

Section 10638 saying: "No further proceedings shall ever be entertained in any courts of this state to probate or contest the probate of such will," is not to be construed to prevent proceedings to effectuate the decree rendered in the contest proceedings. It merely declares the finality of the contest in chancery.

A will is ineffective until duly probated. No court can take notice of or give effect to a will until probated in the court of probate, having general and exclusive jurisdiction for such purpose. Kaplin v. Coleman, et al., 180 Ala. 267, 60 So. 885; Ex parte Walter et al., 202 Ala. 281, 80 So. 119; Wachter v. Davis et al., 215 Ala. 659, 111 So. 917.

True, also, the probate of a will is a proceeding in rem, fixes the status of the res, binding on all the world until revoked or vacated in a direct proceeding to that end. Until then, the will as probated, becomes a muniment of title in all actions inter partes wherein title is involved.

In the nature of the case, a proceeding in rem is the only practical method of probating a will. It cannot be known with certainty what persons may, by a subsequent will, or codicil, have an interest at variance with the will presented for probate. Our statute calls for notice to next of kin, who may or may not, be the only parties having an adverse interest. Code 1923, § 10622. So, by a long line of decisions, we have held the provision for notice to next of kin is directory only, the failure to give it a mere irregularity, in no way affecting the validity of the probate on collateral attack. Roy v. Segrist, 19 Ala. 810; Hall's Heirs v. Hall, 47 Ala. 290; Dickey et al. v. Vann et al., 81 Ala. 425, 3 So. 195; Knox v. Paull, 95 Ala. 505, 11 So. 156.

None of these principles are applicable to a direct proceeding, such as our statutory contest in equity after probate, giving all persons having an interest opposed to the will as probated, and who have not contested the will at the time of probate, an opportunity to contest the will theretofore admitted to probate.

The statute does not limit the grounds of contest. The holding in Watson v. Turner, supra, following Hardy v. Hardy's Heirs, supra, that this statute authorizes a contest upon the ground of revocation by a later will, or revocation pro tanto by a codicil, seems to us correct on principle. The statute has been re-enacted many times, and its construction in this regard should not now be overturned.

The case of Jordan v. Tharp, 223 Ala. 619, 137 So. 667, did not deal with a contest in equity, and did not undertake to construe the statute authorizing such contest.

That case, opinion by the present writer, did hold the court of probate, one of general jurisdiction for the probate of wills, still has the inherent jurisdiction, generally recognized in this country, analogous to the powers of the ecclesiastic courts, to vacate such proceedings in rem for mistake or fraud. In addition to the authorities there cited we call attention to Notes in 107 A.L.R. 249, and 115 A.L.R. 473. The same principle was believed to be recognized in another line of our cases there cited. See, also, Dickey v. Vann, supra. This holding is in conflict with Watson v. Turner, supra, and Hardy v. Hardy's Heirs, supra, on this point.

The question is not here involved, and the treatment of such conflict should await a full consideration in a case where it is involved.

The writer, speaking for himself only, would observe our present statute (Acts 1931, p. 844) reduces the time limit for contest in chancery to six months after probate. If this statute is exclusive and fixes an arbitrary limit, regardless of vigilance on the one hand, or fraud and concealment on the other, then probate proceedings in rem are given an immunity from direct attack which applies to no other judgments at law or decrees in equity. The wisdom of centuries has favored a discovery of the truth, after the testator is silenced by death, and opportunity for concealment may often arise.

This contest was instituted within the six months' period, and the only question here presented is whether the statute covers a contest on the ground that the will as probated has been partially revoked by a codicil. This we decide in the affirmative.

We agree with the trial court that the evidence of mental incapacity at the time the codicil was executed, and of undue influence in its procurement is insufficient.

The evidence need not be here reviewed. Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.