59 So.2d 65

### KELLEY v. SUTLIFF.
### 6 Div. 369.

Supreme Court of Alabama.
May 22, 1952.

Edw. T. Rice, Birmingham, for appellant.

Jos. S. Mead, Birmingham, for appellee.

FOSTER, Justice.

This appeal is from a decree in equity overruling a demurrer to an original bill as amended.

The purpose of the bill is to contest the probate of a will by Jesse Thompson Requardt. The instrument was alleged to have been probated April 19, 1950 in Jefferson County, Alabama. It is dated April 23, 1942. The allegation as to its probate is that it was done on that day "by the judgment or decree of the Probate Judge of Jefferson County, Alabama, entered on said day, a copy of which judgment or decree and the petition are attached hereto, marked Exhibit 'C'". That exhibit is a copy of the petition to probate, indorsed "prayer granted and petition ordered recorded, this 19th day of April 1950." No judgment or decree is set out. It did not contain a certificate as provided in section 43, Title 61, Code. But no point was made as to such defects, and we will treat the instrument as duly probated by the pro-

bate court, not the probate judge, and by a decree of that court full and complete.

This proceeding to contest the probate of that instrument is controlled by section 64, Title 61, Code.

The bill alleges the execution of a subsequent instrument as the testator's last will and testament, and that she was named in it as the residuary legatee, and that said instrument was duly probated in Columbia County, Pennsylvania, where testator resided at the time of his death and where complainant resides. That status gives complainant such interest as to authorize a contest. Braasch v. Worthington, 191 Ala. 210, 67 So. 1003; Allen v. Pugh, 206 Ala. 10, 89 So. 470.

The bill alleges that the instrument probated in Jefferson County, and marked Exhibit B, is not the last will and testament of said Jesse Thompson Requardt. But that the will probated in Columbia County, Pennsylvania, a copy of which is marked Exhibit A, is his last will and testament. The bill alleges that the complainant did not contest the probation of the will in Jefferson County, Alabama. The grounds of the contest are set out in section 52, Title 61, Code. They include any valid objection. The petition to probate in Jefferson County alleged the ownership of assets in that county at the time of the death of testator in Pennsylvania, where he resided. That properly invoked its jurisdiction. Section 35(3), Title 61, Code.

The bill does not show that the transcript of the proceeding in Pennsylvania admitting the will to probate was presented to the probate judge of Jefferson County for probate under authority of section 46, Title 61, Code.

In the cases of Hardy v. Hardy's Heirs, 26 Ala. 524, and Watson v. Turner, 89 Ala. 220, 8 So. 20, it was held that since the adoption by the legislature of what is now section 64, Title 61, supra, authorizing a contest in the chancery court of the probate of a will which had been admitted to probate in the probate court, the probate court did not have jurisdiction to set aside its decree of probate, and that if a later will was found and offered for probate such an offer was in itself an impeachment of the probate of the prior will and, therefore, the probate court would not entertain such a proceeding, and that the chancery court was the only court which would entertain it. This Court in a later case of Jordan v. Tharp, 223 Ala. 619, 137 So. 667, held that by reason of the legislature providing that the probate court is one of general jurisdiction in the matter of the probate of wills, in the exercise of such jurisdiction, it has the power to vacate a decree probating a will in that court upon the discovery of fraud or mistake in its probation or the discovery of a later will which had the effect of revoking the one which had been probated. To that extent, that authority was conflicting with what had been said in Hardy v. Hardy's Heirs and Watson v. Turner, supra, though not referring to them, as pointed out in the case of Caverno v. Webb, 239 Ala. 671, 196 So. 723.

What the law would be in that respect if, under the circumstances here involved, the transcript of the proceeding in Pennsylvania had been offered for probate in Jefferson County subsequent to the probate of the prior will, we need not inquire because that status does not exist. It is merely sufficient to say that under the circumstances here shown, the execution of a subsequent will is the important question here to be considered.

### Its Effect as a Revocation.

Section 26, Title 61, Code, provides the only method by which a will can be revoked. Parker v. Foreman, 252 Ala. 77, 39 So.2d 574, 9 A.L.R.2d 505.

The essence of the instant contest is that the former will was revoked by the later one. It is not every duly executed will that revokes all those previously executed. Whether so or not depends upon the purpose of the testator in making them to be inferred from legal evidence to that end. This evidence is usually furnished by the instruments themselves, in the light of facts known to the testator in making them. It was said in Kohlenberg v. Shaw, 198 Ala. 571, 73 So. 932, that some of our earlier cases broadly state

that making a subsequent will would revoke a prior will regardless of their contents. But it was observed that this was not meant to hold that if the subsequent instrument and proof in connection with it showed that it was intended as a codicil, it would revoke the former will in its entirety. But that the rule is to the effect that if it definitely appears from the subsequent instrument and evidence that it was not the intention of the testator to revoke the former will, but merely to make certain changes in it, the later instrument will be treated as a codicil and should be proved in connection with the former, and the two be construed as one. It was held immaterial that the subsequent instrument is not set up as a codicil.

The later instrument involved in the instant case is dated July 30, 1947. It recites that it revokes all other wills and in terms makes them void. It purports to be complete within itself as a last will and purports to dispose of all of testator's property. If validly executed, therefore, it would prima facie revoke all prior wills made by testator. If defendant can produce any evidence which shows a contrary purpose on the part of testator, he should assert it in appropriate pleading.

So that, if the instrument probated in Alabama is a will, this bill filed within six months thereafter contesting its probate under section 64, Title 61, Code, is not wanting in equity.

We therefore reach the question of whether the instrument probated in Alabama is a will in fact. It is as follows:

"It is my desire to have my share of the property located in the City of Birmingham, Jefferson County, Alabama—East 130 feet of Lot 1 and 2, Block 662, with all buildings hereon belonging jointly to my sister, Emily Thompson Dillion, residing in Frederick, Maryland and me—this property being inherited from my beloved brother, Burgess Asbury Thompson, revert to my dear cousin Joseph Asbury Kelley, in the event of my death to be his now and forever, to be disposed of as he shall will and dictate.

"He has managed everything in connection with said property since my father's death on July 23rd, 1922—neither requesting nor receiving any remuneration for said services—he had had power of attorney from me for a great many years—checks from the aforesaid property have had of necessity, to pass through his hands for both my sister and me.

"All my life I have depended on him, and he has never failed me, nor my children in any emergency even when the duty has been disagreeable—always he has lived up to his ideals and principles. Consequently I consider it his right and privilege to have my share of his uncle's (my father's) estate. It is, I am sure as my father would have wished it and it gives me great happiness to pay this tribute to him.

"In witness whereof, I have hereunto set my hand and seal this twenty-third (23) day of April, Nineteen Hundred and Forty-Two (1942).

"Signed, sealed and delivered by the said Jesse (Dixie) Thompson Requardt in the presence of us, who at her request and in her presence, and in the presence of each other have subscribed our names as witnesses.

Signed:

"/s/ Jesse (Dixie) Thompson Requardt

"Subscribed and sworn to before me this 23rd day of April, 1942.
/s/ C. E. Busenlehner

"Witnesses:
/s/ George E. Crossett
/s/ W. M. Waits
/s/ C. E. Busenlehner."

This appellant, defendant below, petitioned the probate court to probate it as the will of Jesse Thompson Requardt. It was so received and probated as prayed for. He now says it is not a will, but a conveyance of the remainder after the death of the maker. This is on demurrer to the bill, which does not allege a delivery of the instrument, except as shown by the attestation clause, nor its recordation, nor where it was kept prior to her death. It looks more like a will.

The question, as declared in section 23, Title 47, Code, of whether it operates as a present transfer, if delivered

during the maker's life, is controlled by the intention of the maker to be collected from the entire instrument. The instrument has no apt words of conveyance, though no particular words are necessary under section 23, supra, and its predecessors. Henry v. Brown, 143 Ala. 446, 39 So. 325. But they very often manifest the intention of the maker. King v. Coffee, 222 Ala. 245, 131 So. 792; Cloud v. Dean, 212 Ala. 305, 102 So. 437.

We pretermit consideration of the contention that by offering the instrument to the probate court as a will and having it probated as such, appellant ought to be estopped to claim that it is not a will.

But we think the defendant should by answer set up such facts as may be pertinent and legal to determine whether the instrument dated April 23, 1942, is a will or a conveyance, and if it is a will whether there is any reason to hold that the will dated July 30, 1947, if duly executed, did not serve to revoke the former instrument probated in Alabama. A determination of those questions should not be made on demurrer to the bill, but on answer and proof. We think the demurrer was properly overruled.

The decree of the lower court is therefore affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.