80 So.2d 636

**Joseph Asbury KELLEY**

v.

**Grace R. SUTLIFF.**

**6 Div. 617.**

Supreme Court of Alabama.

May 26, 1955.

Edw. T. Rice, Birmingham, for appellant.

624

Jos. S. Mead, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a final decree in equity sustaining the contest of a will in a proceeding under Sec. 64, Title 61, Code of 1940. The case was before this court on a former appeal from an interlocutory decree overruling a demurrer to the bill, as amended. We affirmed that decree. Kelley v. Sutliff, 257 Ala. 371, 59 So.2d 65.

This litigation grows out of the execution of two instruments, both in the form of a will, by Jesse Thompson Requardt, who, at the time of her death in February, 1950, was a resident of the State of Pennsylvania. The first of these instruments is as follows:

"It is my desire to have my share of the property located in the City of Birmingham, Jefferson County, Alabama—East 130 Feet of lots 1 and 2, blocks 662, with all buildings thereon, belonging jointly to my sister, Emily Thompson Dillon, residing in Frederick, Maryland and me. This property being inherited from my beloved father Burgess Asbury Thompson revert to my dear cousin Joseph Asbury Kelly, in the event of my death to be his now and forever, to be disposed of as he shall will and dictate.

"He has managed everything in connection with said property since my father's death on July 23rd, 1922—neither requesting nor receiving any remuneration for said services—he has had power of attorney from me for a great many years—checks from the aforesaid property have had of necessity, to pass through his hands for both my sister and me.

"All my life I have depended on him, and he has never failed me, or my children in any emergency even when the duty has been disagreeable—always he has lived up to his ideals and principles. Consequently I consider it his right and privilege to have my share of his uncle's (my father's) estate. It is, I am sure as my father would have wished it and it gives me great happiness to pay this tribute to him.

"In Witness Whereof, I have hereunto set my hand and seal, this twenty-third (23) day of April, Nineteen hundred and forty-two (1942)

"Signed.

"X Jesse (Dixie) Thompson Requardt

Subscribed & Sworn to before me,
this 23rd day of April, 1942

"Signed, sealed and delivered by the said Jesse
(Dixie) Thompson Requardt in the presence of
us, who at her request and in her presence and
in the presence of each other, have subscribed
our names as witnesses

"C. E. Busenlehner

"Witness.                                        Notary Public

"X George E. Crossett          1141 Graymont Ave. B'ham, Ala.
"X W. M. Waits                  3504—30th St. West
"The above witness to the signature above, was made in my presence this
23rd day of April, 1942.

"(Seal)

"C. E. Busenlehner Notary"

The second instrument is as follows:

"Last Will and Testament of Jesse Thompson
Requardt, Frederick, Md.

"I Jessie Thompson Requardt of Greystone Farms, Maryland, being of
sound and desposing mind and in contemplation of the uncertainties of life,
do make this my last will and testament, hereby revoking and making void
any and all wills by me before made.

"(1) I direct that my just debts and funeral expenses be paid.

"(2) All the rest and residue of my estate, be it personal, real or mixed
of which I die seized, or any right of inheritance, wherever situate, I will
devise and bequeath to my very dear friend Grace R. Sutliff of Greystone
Farms, Frederick, Maryland and Benton, Pennsylvania.   This is done as
a slight recognition of the loving care and attention she has given me dur-
ing illness and health, (3) in making this, my last will and testament, I
am not unmindful of my heirs at law and next of kin, however, my hus-
band, J. Frederick Requardt and my daughters, Mrs. Flora Russell, Mrs.
Mary Ann Erenberg and Mrs. Dixie Krafsure have been given generously
of my *wordly* goods during my natural life.

"(4) I hereby constitute and appoint the said Grace R. Sutliff to be the
executor of my will and my estate to serve without bond.

"(5) Done this 30th day of July, A.D. 1947 at Frederick, Maryland.

"Jesse Thompson Requardt
"Jessie Thompson Requardt

"Witnessed this 30 day of July, 1947
at Frederick, Maryland, at the request
of the testator and in her presence and
in the presence of each other.

"Eugene F. Gass
         "Witness.

"Mrs. Nettie Robey
         "Witness.

"Ruby J. Tallevast
         "Witness."

The first of these wills was presented for probate by the appellant, Kelley, to the Probate Court of Jefferson County, Alabama, and was by that court admitted to probate April 19, 1950. Thereafter, August 26, 1950, appellee, Grace Sutliff, filed her bill in the circuit court, in equity, exhibiting the latter instrument, dated July 30, 1947, alleging its due and legal probate in the State of Pennsylvania on May 31, 1950. The prayer of the bill was that the latter instrument be declared to be the last will of the testatrix and that the former will be revoked.

On return of the case to the lower court after affirmance here of the decree on demurrer, the respondent-appellant filed an answer by which he denied generally those allegations of the bill that the purported will made in Maryland was the last will of the testatrix, that it was duly probated in Pennsylvania, and that it served to revoke the earlier instrument made and probated in Alabama. More specifically, the answer alleges that the instrument executed in 1942 by Jesse Thompson Requardt was a conveyance in praesenti by her to the respondent of the real estate therein described, wherein and whereby she retained a life estate therein; and on its face shows the purposes and circumstances under which the same was made, and that the instrument shows on its face to have been signed, sealed and delivered to respondent by Jesse Thompson Requardt; that said instrument shows on its face that it was the desire and purpose of the maker of the instrument to presently grant to and vest in respondent the remainder in and to such real estate "to be his now and forever, to be disposed of as he shall will and direct."

On the submission, complainant offered in evidence the purported later will and evidence tending to show the death of the testatrix, and the fact that she had executed that will some three years before her death. There was further offered an exemplified record of the probate of the will in the State of Pennsylvania, this latter over the objection of the respondent. There was,

also, some evidence offered with respect to the procedure of that state with respect to the probating of a will. The respondent offered testimony to the effect that the instrument executed in 1942 was, on the day of its execution, delivered to the respondent and that it remained in his possession until the date of its filing for probate. On cross-examination of the respondent, he testified that from the date of the execution of the instrument to the death of the testatrix, respondent collected the rents on the property and remitted her share of the rents to the testatrix.

The final decree recites that:

"Upon consideration of the merits of the case, there are only two questions presented which the court has jurisdiction to determine:

"1. Whether the instrument in writing executed by Jesse (Dixie) Thompson Requardt on the 23rd day of April, 1942, is a will or a deed?

"2. If it be determined that said instrument was intended as a will, was it revoked by an instrument in writing executed by Jesse Thompson Requardt at Federick, Maryland on the 30th day of July, 1947, and probated in Pennsylvania?"

The decree further recites:

"When this court considered it on demurrer, it came to the conclusion that the instrument [dated April 23, 1942] was a will * * *. Upon further study of the instrument, this court is still of the opinion that the instrument executed in Alabama by Jesse Thompson Requardt was intended as a will.

"Consideration now must be given to the question of whether that will was revoked by a subsequent instrument in writing. This Court is of the opinion that it has jurisdiction to determine that question but not to probate the Maryland instrument as a will. If such writing is a will, it can be probated in the Probate Court of Jefferson County,

Alabama, under Title 61, Section 46, Supplement to 1940 Code of Alabama.

"Upon a careful consideration of the testimony taken in open court and of the documentary evidence introduced, the court is of the opinion that said Maryland instrument in writing executed by Jesse Thompson Requardt was effective to revoke, and did revoke the prior instrument executed in Alabama purporting to be a will."

With one exception, to be hereinafter stated, we are in agreement with the conclusion reached by the trial court and stated in its decree quoted above. The sole and only appropriate purpose of this proceeding, brought under Title 61, Sec. 64, Code 1940, is the contest, the revocation, of a will already admitted to probate. The sole and only ground of contest relied upon is revocation by a subsequent will. It very clearly appears that the instrument of April 19, 1942, was propounded by the respondent and was duly probated and recorded as the last will of Jesse (Dixie) Thompson Requardt. Laying to one side—as we did on former appeal—the question of estoppel, that is, the right of appellant to proceed to a judgment or decree of the probate court admitting the instrument to probate as a will, and then later, in this proceeding, to take the opposite position that the instrument is not a will, but some sort of conveyance operating in praesenti, not subject to probate, we proceed to a determination of the character of that instrument.

On former appeal, Kelley v. Sutliff, 257 Ala. 371, 59 So.2d 65, 68, we observed that the instrument "looks more like a will" than a deed, and that it contains no apt words of conveyance. While recognizing the liberal construction of Tit. 47, § 23, Code 1940, as requiring no particular words but only such as disclose the intention of the maker, see Henry v. Brown, 143 Ala. 446, 39 So. 325, we cannot escape the conclusion, upon a re-examination of the instrument as it now appears before us, that it was intended by the maker as a will and not as a conveyance. Though the instrument contains the words "to be his now and forever," they cannot be separated and read out of context, viz.: "It is my desire to have my share of the property * * * revert to my dear cousin Joseph Asbury Kelley, *in the event of my death* to be his now and forever," etc. (Italics supplied). We are unable to find any other words or expressions within the four corners of the instrument inconsistent with the idea of a will, a devise, or bequest, effective in futuro, "in the event of my death." The only evidence aliunde is that given by the respondent in his testimony that the instrument was delivered to him and remained in his possession. Appellant lays stress upon the wording of the attestation clause "signed, sealed and delivered." These words form no part of the instrument itself. They cannot serve to change the nature of the instrument. Moreover, the mere delivery of a will to a designated beneficiary does not give to the instrument an irrevocable quality. A will is an instrument by which a person makes a disposition of his property to take effect after his decease, and which is, in its own nature, ambulatory and revocable during his life. It is this ambulatory and revocable quality which forms the characteristics of a will. Daniel v. Hill, 52 Ala. 430; Blacksher Co. v. Northrup, 176 Ala. 190, 57 So. 743, 42 L.R.A.,N.S., 454. A subsequent legally executed will revokes a prior one. Tit. 61, Sec. 26, Code 1940.

The question next in order is whether the later will exhibited was in legal effect a revocation of the former will. On the face of it, the instrument is in form a will, properly executed and witnessed, as required by our statute, Tit. 61, Sec. 24, Code 1940. It will be observed that this instrument recites that it revokes all former wills made by the testatrix. On the former appeal, we called attention to this fact, but pointed out that the prima facie effect of this later instrument might be rebutted by appropriate pleading and proof showing a contrary intent on the part of the testatrix. As we have noted above, respondent offered no more than a general denial. There was nothing before the trial court, nor is any-

thing before us, evidencing any intent on the part of the testatrix other than as expressed in the later instrument.

We said on the former appeal that "under the circumstances here shown, the execution of a subsequent will is the important question here to be considered." It is well to bear in mind that this is not a proceeding to probate the later will. Indeed, the equity court is without jurisdiction to probate a will, that being a matter resting exclusively in the jurisdiction of the probate court. Wachter v. Davis, 215 Ala. 659, 111 So. 917; Ex parte Russell, 239 Ala. 641, 196 So. 718; Tit. 61, Sec. 35, Code 1940. Contests in equity courts are purely statutory. Tit. 61, Sec. 64, Code 1940; Ex parte Russell, supra. Probate of the Maryland will (the maker being a resident of the State of Pennsylvania) might be undertaken under either Sec. 35, subd. 3, or Sec. 46, as amended, of Title 61 of the Code. So far as appears, no application under either statute has been presented to the probate court of Jefferson County. While there was other evidence, sufficient, we think, to show execution by the testatrix of a subsequent will, the complainant introduced in evidence an exemplified record of the probate of that will in the State of Pennsylvania. Respondent objected to the introduction of this record, and on appeal devotes much argument to the proposition that the method of probate followed by the Register of Wills in that state, being different in material respects to the procedure required in Alabama for the proof of a will, cannot be given effect under the law of Alabama. Much reliance is had upon our case of Hall v. Proctor, 242 Ala. 636, 7 So.2d 764, enunciating the principles (1) that the lands of intestate descend under the law of the place of situation of the thing, and personalty descends under the law of the domicile; and (2) that the probate of a will in one state is not controlling as to descent of realty in another state. The essence of these principles is that to be effective to pass title to realty the purported will must be sufficient to that end under the laws of the place and proven or probated in the state wherein the realty is situated. Provision for probate of a foreign will is afforded and prescribed by §§ 35 and 46, Tit. 61, Code 1940. Under the former section, prior probate in the state of testator's domicile is not necessary. Frederick v. Wilbourne, 198 Ala. 137, 73 So. 442. To reiterate, the question before the trial court, and before us, was the existence of a subsequent will executed by the testatrix. An exemplified record of the probate of the will in Pennsylvania was competent evidence upon this question.

We have stated hereinabove our agreement with the decree appealed from with one exception. That exception is to this language of the decree: "If such writing is a will, *it can be probated* in the Probate Court of Jefferson County, Alabama, *under Title 61, Section 46, Supplement to 1940 Code of Alabama.*" True, the trial court observed its lack of jurisdiction to probate the instrument as a will, and the decree contains no adjudication that the instrument in question be probated. The quoted language of the decree might be susceptible of interpretation as a judicial conclusion that the proof offered was conclusive of the right of a proponent to have the will probated in Alabama without other proof than compliance with Section 46, supra. We do not wish to here affirm such a conclusion. The matter of probating the will in Alabama is one which must be first addressed to the probate court, and this, we think, without encroachment upon its primary jurisdiction. With this reservation, the decree appealed from is due to be, and is hereby affirmed.

Affirmed.

SIMPSON, GOODWYN and MAYFIELD, JJ., concur.