HARDY vs. HARDY'S HEIRS.

1. The probate of a will, unless contested in the mode and within the period prescribed by the statute (Clay's Digest, p. 598, § 15), is conclusive : and therefore an application to establish a testamentary paper of later date, which is inconsistent with the provisions of the will already probated, cannot be allowed after the expiration of five years, when the applicant does not bring himself within any of the exceptions to the statute.

APPEAL from the Court of Probate of Dallas.

THIS was an application by Rempson R. Hardy, the appellant, to have admitted to probate, as the last will and testament

of Jesse Hardy, deceased, a paper of which the following is a copy :

"State of Alabama, } Know all men by these presents, Dallas County. } that I, Jesse Hardy, for the natural love and affection that I have for my son Rempson Hardy, and for and in consideration of the sum of one dollar to me in hand paid, at and before the delivery of these presents, by the said Rempson Hardy, I, the said Jesse Hardy, do give, grant and convey to the said Rempson Hardy, at my death, a certain negro boy named Lewis, about fifteen years old. The title to the above-named negro (I) the said Jesse Hardy do warrant and defend to the said Rempson Hardy, his heirs and assigns, forever, this the twentieth day of December, A. D. 1844.                JESSE HARDY [seal].

"In presence of JOHN LEE, witness."

The application was made on the 21st March, 1854, and was finally heard at the succeeding June term, before the judge of probate, by consent of parties, without the intervention of a jury. The evidence adduced on the trial as to the execution of the paper propounded for probate, and as to the decedent's mental and physical condition at the time of its execution, is all set out in the bill of exceptions, but it is unnecessary to state it. The last will and testament of the decedent, which was dated the 8th April, 1844, and admitted to probate on the 18th August, 1845, was also in evidence before the court ; and by it the testator disposes of his entire estate, giving his wife the same share that she would take under the statute of distribution, and bequeathing the residue to his thirteen children, to be equally divided among them. Upon these facts, the decision of the probate judge was, "that said paper could not be admitted to probate, because said decedent's estate had been fully administered, and the estate settled under said will, except as to the land ; and because said will had not been revoked, annulled, or set aside by a subsequent paper ; and to this decision of the court the said proponent excepted."

This ruling of the court is now assigned for error.

GEO. W. GAYLE, for the appellant :

The paper propounded for probate is a will, because it takes

effect upon the donor's death.—Walker v. Jones, 23 Ala. 448; Thompson v. Johnson, 19 *ib.* 59 ; Shepherd v. Nabors, 6 *ib.* 630; Dunn and Wife v. Bank of Mobile, 2 *ib.* 152.

If the paper is a will, it is no objection that it is a second will. A man can make as many wills as he pleases, and the last shall prevail.—1 Lomax on Ex'rs, p. 48, §§ 1, 3. A second will, in conflict with the first, is a revocation of the first, without an express revocation.—*Ib.*

The fact that the executor under the first will had settled and distributed the estate, with the exception of the land, is no objection to admitting this will to probate.—Norman v. Norman, 3 Ala. 389; Nixon v. Robbins, at this term.

If it be said, on the authority of sections 1654 and 1656 of the Code, that a second will cannot be admitted to probate without the aid of chancery, because five years have elapsed since the first was probated,—the answer is, that the will must be admitted to probate (which has not been done in this case) before those sections apply, and that the appellant is no contestant, but the proponent of the paper.

WM. M. MURPHY, *contra*, contended that the Probate Court, had no jurisdiction of the case, and relied on the statute in Clay's Digest, p. 598, § 15.

GOLDTHWAITE, J.—The act of 1806 (Clay's Dig. 598, § 15) provides, that when any will has been admitted to probate, it may be contested by any person interested, by bill in chancery, within five years thereafter, and that unless so contested, it shall be conclusive and binding upon all parties,—extending, however, to infants, married women, lunatics, and persons absent from the State, the right of contestation to five years after the removal of their respective disabilities. Under this statute, the probate is conclusive, unless the will is contested in the mode and within the time fixed.

In the present case, the application is to establish a paper which, if regarded as a will, is inconsistent with the provisions of the one which had previously been admitted to probate ; and as it is of later execution, it must operate as a revocation of the former, *pro tanto.* To this extent, therefore, it impeaches the validity of the will which had been established ;

and if admitted to probate, the consequence would be, that there would be two wills established inconsistent in their provisions. It was to avoid such consequences, that the statute to which we have referred was enacted. The paper offered for probate impeaches in part the will already admitted to probate, and this, as we have seen, can only be done in the mode and within the time prescribed by the act. The present proceeding is not in that mode; neither is it commenced within the time prescribed, as the record shows that the application was not made until more than five years after the probate of the first will, which disposed of all the property of the intestate, and the applicant did not bring himself within the saving clause of the statute.

The court, therefore, did not err, on this state of facts, in deciding against the application.

Judgment affirmed.