# Watson *v.* Turner.

*Bill in Equity Contesting Probate of Will, or Codicil.*

1. *Probate of codicil, after probate of will; when allowed.*—When a
will has been duly admitted to probate, its validity can only be im-
peached by bill in equity filed within the period prescribed by the stat-
ute (Code, §§ 1989, 2000-2) ; and since the subsequent probate of a codi-
cil, containing provisions inconsistent with the will, necessarily super-
sedes and annuls it to the extent of such inconsistency, such probate
can not be allowed after the expiration of the statutory period for con-
testing the will.
2. *Contesting probate in equity.*—A codicil having been admitted to
probate, after a contest by some of the parties interested in the estate,
more than twenty years after the probate of the original will (Code,
§§ 1989, 2000-02), an heir or legatee, who did not join in that contest,
may maintain a bill in equity, within five years, to set aside such pro-
bate.

APPEAL from the Chancery Court of Talladega.
Heard before the Hon. S. K. McSPADDEN.
The bill in this case was filed on the 16th October, 1888,
by Mrs. Dollie Watson, a grand-daughter of Joseph Mc-
Reynolds, deceased, against Mrs. Martha Turner and others,
who were interested in his estate as heirs, legatees and de-
visees; and sought to vacate and set aside the probate of a

paper, which had been established by a decree of the Pro-
bate Court as a codicil to the last will and testament of said
McReynolds.   Joseph McReynolds died in September, 1864,
and a paper which purported to be his last will and testa-
ment, and which was dated February 21st, 1860, was duly
admitted to probate on the 5th January, 1865.   Mrs. Sarah
McReynolds, his widow, to whom a life-estate in his plant-
ation and other property was devised and bequeathed, sur-
vived until April, 1886; and on the 6th December, 1886, a
codicil to the will was proved and admitted to probate by
the same court, on the application of Mrs. Martha Turner,
one of the testator's daughters.   This codicil, which was
dated May 6th, 1863, seems to have been written by the
testator himself, and is expressed in very inartificial language;
and it was admitted to probate, after a contest with several
of the heirs and legatees, on the testimony of two persons
who signed their names beneath the testator's, but who tes-
tified that they signed it as attesting witnesses, at his re-
quest, in his presence, and in the presence of each other.
The complainant in this case did not join in that contest.
The propounding of the will and the codicil for probate at
different dates, as above specified, seems to have been caused
by a provision in the codicil, though the fact is not stated in
the bill, nor in any other part of the condensed transcript
sent up to this court by agreement.   That provision is in
these words:   "I want my will that I have on hand recorded
at my death, for my health is bad; and I do this for the
protection of my wife, daughter, and grand-daughter.   I
want my wife to hold this will in her possession as long as
she lives, and at her death I want Martha Turner, my
daughter, to take full charge of this will, and of my estate,
plantation and stock.   I do this for the trouble she may
have with them, and I want Martha Turner to have this will
recorded after her mother's death."

The bill alleged that the complainant did not join in the
contest of the probate of the codicil before the Probate
Court, and assailed the probate and validity of the instru-
ment on six specified grounds.   The sixth ground was,
"that said codicil was presented for probate and record on
the 6th December, 1886, more than twenty years after the
probate of said first will, and its terms are in direct conflict
with the terms of said first will."   The other grounds of
contest assailed the due execution and attestation of the
codicil, but they require no special notice, being waived by

agreement of counsel. Decrees *pro confesso* were entered against several defendants, and a formal answer was filed by the guardian *ad litem* of the infants. A demurrer was filed by Mrs. Martha Turner, assigning the following (with other) grounds of demurrer: (1) because there is no equity in the bill; (2) because the bill is filed more than five years after the probate of the original will; (3) because complainant has no right to contest in equity the probate of a codicil to a will; (4) because it appears that the probate of said codicil was not barred by any statute of limitations; (5) because there has been a conclusive adjudication of the probate of said codicil, and complainant is barred by it; (6) because said codicil was admitted to probate, in a court of competent jurisdiction, on the 6th December, 1886, "and the codicil itself prohibits its probate until after the death of Sarah McReynolds, who died on the 8th April, 1886;" (7) "because the 6th specified ground of contest shows no legal or valid ground of contest."

The chancellor overruled the demurrer, on all the grounds assigned; and Mrs. Turner then filed an answer, in which she admitted all the facts above stated, but denied the complainant's right to assail the probate of the codicil, and insisted that she was concluded by the probate decree admitting the codicil to probate on the contest; and a certified copy of all the proceedings had on the contest was made an exhibit to the answer. Several depositions were taken by each party, but they are omitted from the transcript by consent. On final hearing, on pleadings and proof, the chancellor dismised the bill, on the ground that the complainant "has failed to make out a case sustaining any of the grounds of contest contained in her bill, and is not entitled to the relief prayed for." From this decree the complainant appeals, and here makes four assignments of error, two of which are: (2) "the chancellor erred in failing to sustain the sixth ground of contest;" (4) the chancellor erred in his final decree, "in failing to set aside and vacate the probate of said codicil on the sixth ground of contest as stated." By agreement of counsel, entered of record in this court, all of the other grounds of contest were waived.

CECIL BROWNE, for appellant, cited *Hardy v. Hardy's Heirs*, 26 Ala. 526; *Kumpe v. Coons*, 63 Ala. 455.

KNOX & BOWIE, *contra*.—(1.) No rule of law, nor any statutory provision, requires that a will and codicil shall be

[Watson v. Turner.]

probated at the same time; nor is any period of time prescribed or limited, within which the probate must be made. On the contrary, there are many adjudged cases, in which probate has been allowed after the lapse of many years. *Waters v. Stickney*, 12 Allen, Mass. 1; *Haddock v. B. & M. Railroad Co.*, 146 Mass. 155, or 4 Amer. St. Rep. 295, note; *Campbell v. Logan*, 2 Bradf. Surr. (N. Y.) 90; *Clark v. Wright*, 3 Pick. 67. (2.) A codicil is only a part of the will itself, and the two are to be construed together as parts of one and the same instrument; a subsequent provision superseding a former clause, with which it is inconsistent, even when contained in the will itself.—*Grimball v. Patton*, 70 Ala. 626; *Hemphill v. Moody*, 62 Ala. 510; *Mason v. Smith*, 49 Ala. 71; Beach on Wills, § 79; 1 Bouv. Law Dic. 327–8. The existence of a subsequent will revokes and destroys the former, without regard to any inconsistency between them.—Code, §§ 1968–9; *Barker v. Bell*, 49 Ala. 284; 3 Brick. Digest, 820, § 34. Herein lies the difference between this case and *Hardy v. Hardy's Heirs*, 26 Ala. 526, cited for appellant. (3.) If the will itself had never been probated, it might now be proved and allowed, together with the codicil, as one entire instrument.—*Ross v. Gleason*, 22 N. E. Rep. 348; *Rebhan v. Mueller*, 114 Ill. 343; *Shumway v. Holbrook*, 1 Pick. 116; *Waters v. Stickney*, 12 Allen, 1; and other cases first above cited. (4.) The probate of the codicil was postponed under an express provision of the instrument itself; and the principle applies, that no person can claim both under and against any legal instrument.—*Espy v. Comer*, 80 Ala. 333; *Hatchett v. Blanton*, 72 Ala. 425. (5.) The probate of the codicil was established after a vigorous contest, in which it was assailed on the same grounds as now; and the complainant being a party to that proceeding by due notice, she is concluded by the decree. *Hunt v. Acre*, 28 Ala. 580; *Goodman v. Winter*, 64 Ala. 410; *Brock v. Frank*, 51 Ala. 85; Wells' *Res Adjudicata*, 524, § 576; *Br. Bank v. Hodges*, 12 Ala. 118; *Watson v. Spence*, 20 Wendell, 260; 1 Greenl. Ev. §§ 522–25. (6.) If the complainant's contention be correct—that is, if propounding a codicil for probate is contesting the former probate of the will, and this can only be done by bill in equity filed within the statutory period—then the lapse of time is immaterial, and the Probate Court never had jurisdiction of the proceeding; its decree is a nullity on its face, and the bill is without equity. Complainant's remedy against the codicil is

by ejectment, or other appropriate action at law. (7.) The chancellor overruled the demurrer, on all the grounds assigned, thereby holding the sixth ground of contest as assigned to be sufficient in law; and yet, on final hearing, on pleadings and proof, he dismissed the bill, "because the complainant has failed to make out a case sustaining any of the grounds of contest contained in her bill." The decree is based on a defect in the evidence, and not on the sufficiency of the facts alleged in the bill and shown by the exhibits. The testimony being omitted from the record, this court is bound to affirm the chancellor's decree.—*Toon v. Finney,* 74 Ala. 343; *Perry v. Danner,* 74 Ala. 485; *Alexander v. Alexander,* 71 Ala. 295.

SOMERVILLE, J.—The will of Joseph McReynolds, who died in September, 1864, was probated in the Probate Court of Talladega county on January 6, 1865. An instrument, purporting to be a codicil of the same will, was recently presented to the same court to be proved; and this paper was also probated in due form on December 6th, 1886,—more than twenty years, it will be observed, after the probate of the will itself. Some of the interested parties contested the proceeding, but the appellant was not one of these contestants.

The present bill is filed by the appellant, for the purpose of contesting the validity of this codicil, which, in some of its provisions, makes dispositions of the testator's property essentially different from those made in the will as originally admitted to probate. The jurisdiction invoked is claimed under the following statute: "Any person interested in any will, who has not contested the same under the provisions of this article (Code, 1886, § 1989 *et seq.*), may, at any time within five years after the admission of such will to probate in this State, contest the validity of the same by bill in chancery, in the district in which such will was probated, or in the district in which a material defendant resides."—Code, 1886, § 2000.

It is further declared (§ 2002), that "after the expiration of such five years, the validity of the will can only be contested by infants and persons of unsound mind, who are allowed five years from the termination of their respective disabilities; but in no case to exceed twenty years from the probate."

This statute has existed in this State since the year 1806,

having undergone a change in phraseology, but not in meaning, in passing through our various Codes enacted since that time.—Aiken's Dig. 450.   Its effect was to confer on courts of equity a jurisdiction which they never before possessed—the power to set aside a probated will, for fraud, forgery, or other ground affecting the validity of the paper. Another purpose was to shorten the time within which a judgment establishing a will could be disturbed, or the validity of the will as such assailed; or, as said in *Johnston v. Glasscock*, 2 Ala. 218, 235, where the statute of 1806 was construed, "to provide a period of limitation much shorter than before was known, after which the will admitted to probate ceases to be the subject of controversy, and becomes entirely conclusive on parties interested."

Prior to this statute, there can be no doubt of the fact, that the inherent jurisdiction of Probate Courts in this country, as of Ecclesiastical courts formerly in England, embraced the power to set aside the probate of a will at any time upon the discovery of a posterior will of the testator, and upon proper proof of its execution by the testator. *Gaines v. Hennen*, 24 How. U. S. 553.   The rule is commonly asserted to be, that the probate of a will, either in common or solemn form, may be revoked on evidence of fraud in the proof, or of a later will.—1 Williams on Executors, 399, 508.   Codicils which may have been overlooked, are placed upon the same footing as later wills.   A leading case on this subject is *Waters v. Stickney* (12 Allen, 1; 90 Amer. Dec. 122), where many authorities, American and English, are ably reviewed by Mr. Justice Gray.   After announcing the general rule, that the decrees of Probate Courts as to matters of probate, and within the authority conferred on them by law, are conclusive in courts of common law, and can not be set aside by courts of equity, he asserts that such decrees may be revoked for fraud, mistake, or other good cause, by the court which granted them.  "In the face of the authorities," he says, "it is impossible to deny the power of a court of probate to approve a subsequent will or codicil after admitting to probate an earlier will, by a decree the time of appealing from which is past; or to correct errors arising out of fraud or mistake in its own decrees."   The decree of the Probate Court, which had admitted the codicil of a will probated fourteen  years after a former decree probating the will itself, was affirmed as free from error.   Cases are reported where later wills and codicils have been admit-

15

[Watson v. Turner.]

ted to probate more than twenty, and even as late as thirty years, after the death of the testator.—*Shumway v. Holbrook*, 11 Amer. Dec. 153; *Rebhan v. Mueller*, 55 Amer. Rep. 869; *Haddock v. Boston & Maine R. R.*, 4 Amer. St. Rep. 295; note, 299.

This statute was construed in *Hardy v. Hardy*, 26 Ala. 524. The decision reached in that case, and the reasoning of the court, establish the following propositions: (1) that the jurisdiction conferred by the act of 1806 (Clay's Dig. 598, § 15) on courts of chancery to entertain bills of this nature, contesting the validity of wills already proved in courts of probate, was exclusive; (2) that a court of probate, therefore, no longer possessed its ancient jurisdiction to set aside the probate of a former will and permit the probate of a later one; (3) that the lapse of five years is a bar to any contest in either forum.

The reasoning of the court was, that the proof of a later will, inconsistent with a former one already proved, impeached the validity of the latter; and "if admitted to probate, the consequence would be, that there would be two wills established, inconsistent in their provisions." "It was to avoid such consequences," said GOLDTHWAITE, J., "that the statute to which we have referred was enacted. The paper offered for probate *impeaches in part the will already admitted to probate*; and this, as we have seen, can only be done in the mode, and within the time prescribed by the act."

To establish a later will is necessarily to disestablish a former one already proved. The same is obviously true of a codicil, any of the provisions of which are inconsistent with those of the will itself. To prove a codicil is, *pro tanto*, to disprove so much of the probated will as it may revoke or modify. The distinction is one of extent, not of kind or quality. The attempt to set aside a probated will, therefore, by proving a later one, or by attaching to it a codicil, with inconsistent provisions, is a contest of the validity of the former will. In point of reason, we can see no valid distinction in the two cases. The evil results flowing from each are the same—a like violation of the repose of titles, and a like uncertainty as to the conclusiveness of judicial determinations.

The only authority, precisely in point, which we discover on the question, is found in Mr. Freeman's note to *Waters v. Stickney*, 90 Amer. Dec. 137, cited *supra*. He says: " Offering a codicil after the probate of a former will is said

[Watson v. Turner.]

to be, in effect, an offer for probate of a later will; and where (as by statute in some States) the validity and *status* of a will can not be contested after a certain period, it is held that the offer for probate of a codicil amounts to a contest of the will or probate, and must be made within the prescribed time." He cites in support of this assertion the case of *Adsit's Estate,* Myrick Prob. Rep. (Cal.) 266. We do not doubt the correctness of this conclusion as announcing the safer and better view of the law.

The contest sought to be inaugurated by the present bill has in view the judgment of the Probate Court which established the *codicil,* in December, 1886. The bill was filed in October, 1888, being fully within the statutory limit of five years. That this codicil was a will, within the meaning of the statute (Code, 1886, § 2000), such as may be contested in the mode prescribed, there can be no sort of doubt. This fact is in no wise affected by the further consideration, that the attempt to establish it in the Probate Court was itself a contest of a prior will, to the provisions of which the codicil was partly repugnant. And there is, in our opinion, quite as little doubt, that the complainant brings herself within the terms of the statute, as not only being interested in the will, but as one who had not contested the validity of the paper upon its presentation to the Probate Court for establishment, as she might lawfully have done under the provisions of section 1989 of the Code (1886).

It may be true, as contended, that a decree rendered by the Chancery Court, upon a bill of this kind being filed, either establishing or annulling the probate of the will, would be final and conclusive as to the validity of the will, in all courts and upon all persons, until set aside or reversed in some direct proceeding. It was so decided in *Hunt v. Acre,* 28 Ala. 580. But no other interested person is here shown to have assailed the probate of this codicil in a chancery proceeding, and hence that principle can have no application here.

The question under discussion is raised by the fourth assignment of error, and that assignment is based on the action of the chancellor in refusing to sustain the sixth ground of contest. The substance of the objection is, that the Probate Court had permitted the probate of a *codicil* to a will which had itself been duly probated more than twenty years before the presentation of the codicil. The chancellor erred in not sustaining this objection, which sufficiently appears from the

[Olmstead v. Crook.]

pleadings in the case, and the admitted facts contained in the agreement of counsel, irrespective of the testimony omitted from the record.

The decree will be reversed, and a decree will be rendered in this court sustaining the sixth ground of objection to the validity of the codicil probated on December 6th, 1886; and adjudging that said judgment be declared null and of no effect. The appellee will be taxed with the costs of this appeal, and the costs in the court below be equally divided between the appellants and appellees.

Reversed and rendered.