Thomas Richard Christian and other proponents of Marie Roberts Christian's May 24, 1988, will appeal from a judgment entered by the Tuscaloosa Circuit Court setting aside the Tuscaloosa Probate Court's admission of the May 24, 1988, will to probate and holding that an August 5, 1988, will, and the codicil to that will, constitute the true will of Ms. Christian. We reverse.
Marie Roberts Christian died on December 24, 2001. On January 28, 2002, AmSouth Bank petitioned the Tuscaloosa Probate Court to probate what it believed to be Ms. Christian's last will; that will was dated May 24, 1988 ("the May will").[1] On March 11, 2002, the May will was admitted to probate and letters testamentary were issued appointing AmSouth Bank the executor of Ms. Christian's estate. After the expiration of the statutory six-month nonclaims period, Ala. Code 1975, § 43-2-350, AmSouth distributed Ms. Christian's personal effects in accordance with the terms of the May will. A storage trunk was distributed to a beneficiary named in the May will. The parties have stipulated to the following facts, which the trial court incorporated into the order from which the proponents of the May will appeal:
 "Except to the extent the law may impute possession to an executor prior to its appointment as such, the executor [AmSouth] did not have custody or possession of the [t]runk prior to the filing of the petition to probate the Former Will or the granting of letters testamentary under the [May 1988] Will. After letters testamentary were granted and prior to distribution of the personal effects, the executor had custody or possession of Ms. Christian's personal effects, including the [t]runk."
On November 4, 2002, the beneficiary to whom the trunk was distributed found inside the trunk another will of Marie Roberts Christian dated August 5, 1988 ("the August will"), and a codicil to that will dated June 20, 1996.[2] The distributions under the August will and 1996 codicil differ from the distributions under the May will. The parties have stipulated that "[t]here is presently no evidence existing indicating that the executor [AmSouth] *Page 25 
had actual knowledge of the existence of the [August will and 1996 codicil] prior to approximately November 4, 2002." AmSouth Bank was informed of the discovery of the August will and the codicil.
AmSouth Bank filed a complaint in the Tuscaloosa Circuit Court for a judgment declaring which will should control the distribution of Ms. Christian's estate (case no. CV-03-62). AmSouth also petitioned the probate court to transfer the proceedings relating to the estate to the Tuscaloosa Circuit Court (case no. CV-03-343). Mallory H. Murray and John R. Humphrey then sued AmSouth Bank and potential beneficiaries of Ms. Christian's estate, including Thomas Richard Christian, a beneficiary under the May will, seeking an order setting aside the order of the probate court admitting the May will to probate (case no. CV-03-296). The probate proceedings were transferred to the Tuscaloosa Circuit Court, which consolidated the three cases, allowed AmSouth to opt out of the proceedings,[3] and invited the parties to realign themselves according to which will they favored. Mallory H. Murray and other proponents of the August will and 1996 codicil aligned as plaintiffs ("the Murray plaintiffs"). Thomas Richard Christian and other proponents of the May will aligned as defendants ("the Christian defendants").
The Murray plaintiffs moved for a summary judgment on all claims. The Christian defendants also moved for a summary judgment, arguing that all claims asserted by the Murray plaintiffs were, in legal effect, will contests and that they were, therefore, barred by the statutory six-month period within which to file a will contest. See Ala. Code 1975, § 43-8-199. The trial court entered a partial summary judgment for the Murray plaintiffs setting aside the probate court's order admitting the May will to probate. The trial court concluded that the time for filing a will contest had been tolled because of the "innocent fraud" of AmSouth, the executor of the May will, and, thus, that the Murray plaintiffs' will contest was not untimely by virtue of § 43-8-199. The trial court further found that the May will was not the last will of Ms. Christian, and it therefore vacated the probate court's order admitting the May will to probate. The trial court certified its order as final under Rule 54(b), Ala. R. Civ. P.[4] The Christian defendants appeal.
The Christian defendants argue that the trial court erred in entering a partial summary judgment in favor of the Murray plaintiffs because, they argue, the Murray plaintiffs were not entitled to a judgment as a matter of law. Specifically, the Christian defendants argue that the Murray plaintiffs' action challenging the admission of the May will to probate is barred by the time limitations of Ala. Code 1975, § 43-8-199, and that the tolling provisions of the Alabama Code do not apply. In addition, the Christian defendants argue that the Murray plaintiffs' claims cannot be characterized as anything other than claims contesting a will so as to circumvent the time bar applicable to will contests.
Where the facts are not in dispute and we are presented with a pure question of law, as here, this Court's review is de novo.See State v. American Tobacco Co., 772 So.2d 417, 419 (Ala. 2000); Ex parte Graham, 702 So.2d 1215, 1221 (Ala. 1997); *Page 26 Beavers v. County of Walker, 645 So.2d 1365, 1372 (Ala. 1994).
The Murray plaintiffs argued that their action was not only a will contest but that they were also seeking relief under Rule 60(b), Ala. R. Civ. P., and the Rule 60(b) action was not subject to the six-month bar for filing a will contest. Because the trial court determined that the Murray plaintiffs' will-contest claims were not time-barred, it declined to determine whether the Murray plaintiffs were entitled to relief on their action filed pursuant to Rule 60(b), Ala. R. Civ. P. We agree with the Christian defendants that, despite the various names assigned to the many claims asserted by the Murray plaintiffs, all of those claims, in legal effect, contested the May will. "The attempt to set aside a probated will . . . by proving a later one . . . is a contest of the validity of the former will." Watson v. Turner,89 Ala. 220, 226, 8 So. 20, 21 (1890). Jurisdiction for a will contest is statutorily conferred; thus, a will contest must strictly comply with the statute, including any time limitations. Evans v.Waddell, 689 So.2d 23 (Ala. 1997). The Murray plaintiffs could not circumvent the time requirements of the will-contest statute by alleging that they sought relief under Rule 60(b), Ala. R. Civ. P., when their claims were, in substance, contests to the May will.
The Christian defendants argue that the Murray plaintiffs' will contest was time-barred. Ala. Code 1975, § 43-8-199, reads as follows:
 "Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated."
The statute allows a will contest to be brought in the circuit court after a will has been admitted to probate. This statutory right has existed in this State since 1806, "having undergone a change in phraseology, but not in meaning, in passing through our various Codes enacted since that time."[5] Watson,89 Ala. at 224-25, 8 So. at 20. Prior to the enactment of the statute, the probate courts had inherent jurisdiction "to set aside the probate of a will at any time upon the discovery of a posterior will of the testator, and upon proper proof of its execution by the testator." Watson, 89 Ala. at 225,8 So. at 20.
This Court stated in Hardy v. Hardy's Heirs, 26 Ala. 524
(1855), that the will-contest statute (1) conferred upon courts of equity the exclusive jurisdiction to entertain will contests; (2) stripped the probate court of its ancient jurisdiction to set aside the probate of a former will and to permit the probate of a later one; and (3) barred any will contest in either forum after five years (now six months). Because a circuit court's jurisdiction over a will contest is statutorily conferred and limited, a proceeding initiated under Ala. Code 1975, § 43-8-199, must comply exactly with the requirements of that statute. Evansv. Waddell, 689 So.2d 23, (Ala. 1997); Boshell v. Lay,596 So.2d 581 (Ala. 1992); Marshall v. Vreeland, 571 So.2d 1037
(Ala. 1990); Simpson v. Jones, 460 So.2d 1282 *Page 27 
(Ala. 1984); Ex parte Pearson, 241 Ala. 467, 3 So.2d 5 (1941).
The May will was admitted to probate on March 11, 2002. Thus, when the August will and 1996 codicil were discovered in November 2002, the six-month period for contesting the May will provided for by § 43-8-199 had passed. Thus, the Murray plaintiffs' actions were filed after the statutory period for contesting a will had expired.
The Murray plaintiffs argued to the trial court, and the trial court agreed, that the time to file the will contest was tolled by the application of the fraud provision found in Ala. Code 1975, § 43-8-5. Section 43-8-5 provides, in part, as follows:
 "Whenever fraud has been perpetrated in connection with any proceeding or in any statement filed under this chapter [the Probate Code] or if fraud is used to avoid or circumvent the provisions of purposes of this chapter [the Probate Code], any person injured thereby may obtain appropriate relief against the perpetrator of the fraud or restitution from any person (other than a bona fide purchaser) benefitting from the fraud, whether innocent or not."
The Court of Civil Appeals has held that appropriate relief for one injured by the fraud contemplated by Ala. Code 1975, § 43-8-5, would include the tolling of the time within which to file a will contest when "the facts upon which a contest could be based were misrepresented and concealed by the fraudulent acts of the proponents" of the will. Holway v. Wanschek, 690 So.2d 429, 433
(Ala.Civ.App. 1997). The Christian defendants argue that the kind of fraud that operates to toll the time for filing a will contest is not present in this case. The Murray plaintiffs assert that the conduct of AmSouth Bank amounts to fraud sufficient to toll the six-month limitations period for filing a will contest. The trial court agreed with the Murray plaintiffs and held that the time to file was tolled because of AmSouth's "innocent fraud."
Section § 43-8-5 has been discussed in only two cases, both of which were decided by the Court of Civil Appeals.[6] InHolway v. Wanschek, 690 So.2d 429 (Ala.Civ.App. 1997), the Court of Civil Appeals held that § 43-8-5 tolled the time for filing a will contest because, from the time of the probate of the will until the time the will contest was filed, the proponents of the will had concealed from the contestant of the will that he was not named as a beneficiary of his mother's estate. In Estate of Hudson, 887 So.2d 923 (Ala.Civ.App. 2004), the Court of Civil Appeals allowed § 43-8-5 to toll the time within which a purchaser of real estate must move for the settlement of the estate to be set aside, because the attorney for the estate had misrepresented to the purchaser the mortgage balance on the property. The facts of both of these cases involved intentional fraud; neither case addresses whether §43-8-5 contemplates a tolling of the time for filing a will contest on the basis of more innocent conduct.
The Murray plaintiffs argue that, because Alabama law recognizes a cause of action for innocent fraud, AmSouth's conduct should toll the time within which they could file a will contest. Ala. Code 1975, § 6-5-101, states: "Misrepresentations of a material fact . . . if made by mistake and innocently and acted on by the opposite party, constitute legal fraud." The trial court based its holding on the Murray plaintiffs' "innocent fraud" argument, stating *Page 28 
that "although the suppression of the [August will and 1996 codicil] was innocent, a species of legal fraud has been established." The trial court further stated:
 "The key factor in analyzing this case is not simply that a subsequently executed New Will existed, but that the subsequent Will was in the possession or control of the petitioner of the previously admitted Will during the contest period. Because of the possession, I find that the petitioner had sufficient constructive `knowledge' of the New Will for suppression to have occurred. Conversely, there could be no finding of innocent suppression (legal fraud) if the New Will had not been in AmSouth's possession during the contest period, as there would be no `knowledge.'"
Although Alabama does recognize a cause of action for innocent fraud, there is no indication in the Probate Code that innocent fraud will toll the time for filing a will contest. Section43-8-5 was enacted in 1982, and it adopts § 1-106 of the Uniform Probate Code. The Commentary following § 43-8-5 is substantially identical to the Commentary following § 1-106 of the Uniform Probate Code. However, a significant addition appears in the Commentary following § 43-8-5: "The usual rules for securing relief for fraud on a court would govern, however." We conclude that the Legislature intended that the fraud necessary to toll the time for filing a will contest must be that kind of fraud that would allow relief for "fraud on a court."
"This Court has defined `fraud upon the court' as that species of fraud that defiles or attempts to defile the court itself or that is a fraud perpetrated by an officer of the court, and it does not include fraud among the parties, without more." Watersv. Jolly, 582 So.2d 1048, 1055 (Ala. 1991) (citing Brown v.Kingsberry Mortgage Co., 349 So.2d 564 (Ala. 1977), andSpindlow v. Spindlow, 512 So.2d 918 (Ala.Civ.App. 1987)).Black's Law Dictionary 686 (8th ed. 2004) defines "fraud on the court" as follows: "In a judicial proceeding, a lawyer's or party's misconduct so serious that it undermines or is intended to undermine the integrity of the proceeding." See Ex parteFree, 910 So.2d 753 (Ala. 2005). The cases in which fraud on the court has been found, for the most part, have been cases in which there was "the most egregious conduct involving a corruption of the judicial process itself," such as the bribery of a judge or the employment of counsel to improperly influence the court. 11 Charles A. Wright et al., Federal Practice Procedure Civ.2d § 2870 (1995).
As noted earlier, the parties stipulated to the following facts regarding AmSouth's conduct:
 "Except to the extent the law may impute possession to an executor prior to its appointment as such, the executor [AmSouth] did not have custody or possession of the [t]runk prior to the filing of the petition to probate the Former Will or the granting of letters testamentary under the [May] Will. After letters testamentary were granted and prior to distribution of the personal effects, the executor had custody or possession of Ms. Christian's personal effects, including the [t]runk."
In addition, the parties stipulated that "[t]here is presently no evidence existing indicating that the executor [AmSouth] had actual knowledge of the existence of the [August will and 1996 codicil] prior to approximately November 4, 2002."
AmSouth's conduct does not fit within the definition of fraud on the court. The facts to which the parties have stipulated indicate that AmSouth had no intent to defile the probate court or to corrupt the *Page 29 
judicial process. As the trial court noted in its order, AmSouth was obligated to submit the May will, the only will of which it was aware, to the probate court, pursuant to Ala. Code 1975, §43-8-270.[7]
Courts are to weigh the interest of justice against the need for finality of judgments in examining a claim of fraud on the court. Waters, 582 So.2d at 1055. The resulting injustice is that the true last wishes of Marie Roberts Christian, although conceded by all the parties to be stated in the August will and the 1996 codicil, will not now be honored. However, the interest in finality of the probate court's judgment admitting the May will to probate is also great, as expressed by the act of the Legislature to limit the time for filing a will contest and to limit it to six months. See Ala. Code 1975, §§ 43-8-5 and43-8-199. Because we conclude that AmSouth's conduct did not constitute fraud, as that term is used in § 43-8-5, the time for filing the will contest was not tolled by that statute. We, therefore, must reverse the trial court's judgment and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] It is not disputed that the May will was duly executed and was self-proving.
[2] The parties do not dispute that the August will and the 1996 codicil to that will were duly executed and were self-proving and that the 1996 codicil republished the August will.
[3] AmSouth was not named as executor in the August will and had no interest in the outcome of the matter.
[4] The trial court noted that, if its order was affirmed on appeal, the proceedings related to the estate (case no. CV-03-343) would be remanded to the probate court.
[5] In 1890, the statute read:
 "Any person interested in any will, who has not contested the same under the provisions of this article, may, at any time within five years after the admission of such will to probate in this state, contest the validity of the same by bill in chancery, in the district in which such will was probated, or in the district in which a material defendant resides."
Code of Alabama 1886, § 2000. See Watson v. Turner,89 Ala. at 225, 8 So. at 20.
[6] Section 43-8-5 was cited in a third case, Vandegrift v.Lagrone, 477 So.2d 292 (Ala. 1985), but the then newly adopted Probate Code was inapplicable in that case.
[7] Ala. Code 1975, § 43-8-270, reads, in pertinent part, as follows:
 "After the death of a testator and on request of any interested person, any person having custody of a will of the testator shall deliver it with reasonable promptness to a person able to secure its probate and if none is known, to an appropriate court."