THOMPSON, Judge.
Sandra Joan Queen appeals from a judgment of the Cullman Circuit Court dismissing her will contest regarding the will of Henry Doyle Holloway.
The record reveals the following facts. Holloway’s first wife predeceased him; Queen is the only child born of that marriage. Holloway married Nellie Ruth Harden on October 23, 2001. Holloway died on March 1, 2004. Pursuant to the terms of Holloway’s will, Harden was the sole beneficiary of Holloway’s estate. Holloway’s will was admitted to probate in the Cullman Probate Court on August 30, 2004.
Also on August 30, 2004, Queen filed a complaint contesting the will in the circuit court, pursuant to § 43-8-199, Ala.Code 1975. Section 43-8-199 governs the procedure for filing a will contest after the will has been admitted to probate. In her complaint, Queen alleged that Holloway’s will was admitted to probate on August 30, 2004; that she was an heir at law; and that the will was void because, she asserted, Holloway executed the will while under the undue influence of Harden. On September 23, 2004, Queen filed an amended complaint to add additional plaintiffs and claims, and on December 30, 2004, Queen filed a second amended complaint deleting those additional plaintiffs and deleting all the claims except the will-contest claim.[1] The case action summary indicates that Harden was served with the lawsuit on February 11, 2005.
On March 9, 2005, Harden filed, pursuant to Rule 12(b), Ala. R. Civ. P., a motion to dismiss the will contest. In her motion to dismiss, Harden alleged that Queen had failed to file the will contest in the probate court and also had failed to remove the proceeding from the probate court to the circuit court. Harden asserted that the circuit court lacked jurisdiction over the will contest because, she claimed, in order to invoke the jurisdiction of the circuit court in a will contest that is filed under § 43-8-199, the contestant is required to remove the proceedings and/or the administration of the estate from the probate court to the circuit court.[2]
*714 On March 14, 2005, the circuit court entered a judgment on the case action summary dismissing the case. On March 15, 2005, the day after the circuit court dismissed the case, Queen filed a response to Harden’s motion to dismiss. Queen timely appealed to the supreme court. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
“A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.”
Newman v. Savas, 878 So.2d 1147, 1148-49 (Ala.2003). Questions of law are reviewed de novo. Christian v. Murray, 915 So.2d 23, 25 (Ala.2005) (citing State v. American Tobacco Co., 772 So.2d 417, 419 (Ala.2000)); Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997); and Beavers v. County of Walker, 645 So.2d 1365, 1372 (Ala.1994).
The dispositive issue on appeal is whether the circuit court had subject-matter jurisdiction over the will contest.
“In Alabama, a will may be contested in two ways: (1) under § 43-8-190, [Ala. Code] 1975, before probate, the contest may be instituted in the probate court or (2) under § 13-8-199, ... after probate and within six months thereof, a contest may be instituted by filing a complaint in the circuit court of the county in which the will was probated.”
Stevens v. Gary, 565 So.2d 73, 74 (Ala.1990) (emphasis added); see also Christian v. Murray, 915 So.2d at 26 (“[Section 43-8-199] allows a will contest to be brought in the circuit court after a will has been admitted to probate.”).
Section 43-8-199 provides:
“Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated.”
Recently, in Christian v. Murray, supra, our supreme court stated that
“[b]ecause a circuit court’s jurisdiction over a will contest is statutorily conferred and limited, a proceeding initiated under ... § 43-8-199[ ] must comply exactly with the requirements of that statute. Evans v. Waddell, 689 So.2d 23 (Ala.1997); Boshell v. Lay, 596 So.2d 581 (Ala.1992); Marshall v. Vreeland, 571 So.2d 1037 (Ala.1990); Simpson v. Jones, 460 So.2d 1282 (Ala.1984); Ex parte Pearson, 241 Ala. 467, 3 So.2d 5 (1941).”
Christian v. Murray, 915 So.2d at 26.
Queen contends on appeal that she complied with the requirements for filing a will contest under § '43-8-199, and, therefore, she argues, the jurisdiction of the circuit court was properly invoked. Regarding the requirements of § 43-8-199, Queen maintains that she is a “person interested in the will”; that a will contest had not been filed in the probate court before the will was admitted to probate; and that she filed the will contest in the circuit court within six months after the will had been admitted to probate.
The facts in this case establish that Queen complied with the requirements of § 43-8-199. In her will-contest complaint, Queen alleged that she was Holloway’s *715 daughter and an “heir at law.” Thus, as a person who would have shared in the estate had Holloway died intestate, Queen is a “person interested in [the] will” within the meaning of § 43-8-199. See Stevens v. Gary, 565 So.2d at 74-75 (explaining the meaning of the phrase “[a]ny person interested in any will”). Holloway’s will was admitted to probate on August 30, 2004. Queen filed her initial complaint contesting the will later that same day, and she filed her second amended complaint on December 30, 2004. Thus, Holloway’s will had been admitted to probate before Queen filed the will contest in the circuit court, and Queen filed the will contest within six months after the will had been admitted to probate.
Queen did not file a petition to remove the proceedings from the probate court to the circuit court, and the parties disagree as to legal effect of Queen’s failure to do so. Harden maintains that in order to invoke the jurisdiction of the circuit court in a will contest filed under § 43-8-199, the contestant must also remove the proceedings from the probate court to the circuit court within six months after the will has been admitted to probate. However, neither § 43-8-199 nor any other statutory provision imposes such a requirement for a will contest filed pursuant to § 43-8-199. We conclude that because Queen met the requirements of § 43-8-199, the jurisdiction of the circuit court was properly invoked. See Christian v. Murray, 915 So.2d at 26 (requiring strict compliance with § 43-8-199 in order to invoke the circuit court’s jurisdiction in a will contest). Therefore, we conclude that the circuit court erred in dismissing Queen’s will-contest complaint. We reverse the judgment of the circuit court and order that the action be reinstated.
REVERSED AND REMANDED.
MURDOCK and BRYAN, JJ., concur.
PITTMAN, J., concurs specially, with writing, which CRAWLEY, P.J., joins.

. Although the date stamp is illegible on the second amended complaint, both parties state in their briefs on appeal that that complaint was filed on December 30, 2004.

. Section 12-11-41, Ala.Code 1975, governs the procedure for the removal of the administration of an estate from the probate court to the circuit court. Section 43-8-198, Ala.Code 1975, governs the procedure for the transfer of a will contest from the probate court to the circuit court in situations in which the will contest was properly filed in the probate court pursuant to § 43-8-190, Ala.Code 1975 (governing the procedure for the filing of a will contest before the will has been admitted to probate).