PER CURIAM.
 

 Homer Osborne Johnson and Schurlock Holland (hereinafter collectively referred to as “the proponents”) appeal from a judgment entered by the Macon Circuit Court setting aside the Macon Probate Court’s admission to probate of Homer C. Osborne’s will (“the will”). We vacate the judgment and dismiss the appeal.
 

 Facts and Procedural History
 

 Homer C. Osborne died on July 17, 1973. On August 3, 2004, the proponents, who are two of Osborne’s sons, petitioned the Macon Probate Court to probate a will that had purportedly been executed by Osborne. The petition explained that the proponents did not know of the existence of the will until they discovered it at the home of Osborne’s other son, Otha Jewel
 
 *1041
 
 Osborne (“Otha”), on August 4, 2003. According to the petition, Otha was incompetent and unable to communicate. The will was dated November 8, 1962, and left all Osborne’s property interests to Johnson, Holland, and Otha. On September 9, 2004, the Macon Probate Court admitted the will to probate.
 

 On February 24, 2006, Cheryl Neal and Corburt Chisley (hereinafter collectively referred to as “the contestants”) filed a “will contest in the estate of Homer C. Osborne, deceased,” in the Macon Circuit Court, contesting the admission of the will to probate. The contestants are the children of Betty Ruth Osborne Chisley, who was Osborne’s first cousin. The will contest alleged as follows:
 

 “(1) The [contestants] believe that the petition to probate the will in this matter was untimely in that it was presented more than five years after the death of the testator, contrary to Code 1975, § 43 — 8—[161], formerly Code 1975, § 43-1-79, and earlier Code 1940, T.61, § 64. Further, no notice was given in this matter to the rightful owners of property located outside the state of Alabama that said heirs of the testator are now making claim[;] therefore, the [contestants], the lawful owners of said property, were unaware of the petition to probate the will until recently.
 

 “(2) At the time of Homer Osborne’s death, the heirs were all of legal age yet made no attempt to probate this estate by filing for letters of administration. At the time of the decedent’s death, the heirs were aware that a will existed, but did not know of its location. Furthermore, the heirs were aware at the time of his death that the decedent might have owned property in the state of Louisiana, but made no effort to take possession of the property.
 

 “(3) The will was admitted for probate some thirty years after the death of Homer C. Osborne, a time well beyond the statute of limitations for presentation of wills to probate. No notices were issued in spite of the fact that the heirs knew that their intentions in probating the will were to lay claim to property located in the state of Louisiana, and the heirs knew of these interested parties. The interested parties have yet to receive notice of the probate action filed in August 2004. The interested parties have been told by a third party that a will had been probated in Macon County, and upon investigation by the undersigned, have found that a will was probated without notification to them.
 

 “Therefore, the interested parties, Cheryl Neal and Corburt Chisley, chil--dren of Betty Ruth Osborne Chisley, a first cousin of the decedent, Homer C. Osborne, represented by the undersigned respectfully request that under the direction of this honorable court, their objections and issues contesting the validity of the will be heard, tried, and decided by a bench trial.”
 

 Simultaneously with filing the will contest in the Macon Circuit Court, the contestants filed a “notice of will contest and petition for removal” in the Macon Probate Court.
 

 On April 25, 2006, the proponents filed a “motion to dismiss” the will contest. The motion alleged that the will contest was due to be dismissed for failure to state a claim upon which relief can be granted because, the proponents say, the contestants are neither Osborne’s heirs nor beneficiaries under his will. The proponents attached to their motion a certified copy of the entire probate court file, which included the will and the order admitting the will to probate.
 

 
 *1042
 
 On August 3, 2006, Judge Howard F. Bryan set all pending motions for a hearing on October 5, 2006. Apparently that hearing was held, but Judge Bryan retired without ruling on the proponents’ motion to dismiss. On March 27, 2007, the proponents moved the circuit court to reset then-pending motion to dismiss the will contest for another hearing. On March 80, 2007, the contestants filed a “motion for final order.” In that motion, the contestants argued (1) that the proponents’ petition to probate the will was untimely because it was filed more than five years after the death of the testator in violation of § 43-8-161, Ala.Code 1975, and (2) that the contestants were interested parties under the will and thus had standing to contest the will. On April 27, 2007, the proponents filed a “suggestion of death upon the record,” stating that Otha died on March 13, 2006, while this action was pending.
 

 Judge Ray D. Martin held a hearing on all pending motions on July 24, 2007. After the hearing, the contestants and the proponents submitted briefs to the circuit court, outlining the legal issues before the court and arguing their respective positions. The only issues outlined in those briefs were: (1) Whether the petition to probate the will was untimely under § 43-8-161, Ala.Code 1975, because it was filed more than five years after Osborne’s death; (2) whether the proponents could argue that the failure to timely file the petition to probate the will was occasioned by fraud and, if so, whether the five-year statute of limitations in § 43-8-161 was tolled under § 43-8-5, Ala.Code 1975; and (3) whether the contestants were persons interested in the will under § 43-8-199, Ala.Code 1975, so that they had standing to contest the will.
 

 In their brief, as a “matter of completeness,” the contestants tersely argued that “the will contest was brought in a timely manner in that the [proponents] fraudulently failed to give notice to the [contestants]” and that “it is obvious that no notice of the proceedings [was] ever given to the [contestants] in order to circumvent the provisions or purposes of the laws of Alabama, and it is entirely appropriate that the [contestants] brought this matter before this court as soon as [they] had notice of the proceedings.” The contestants also attached to their brief a title opinion concerning the real property located in Louisiana that allegedly would be affected if the admission of the will to probate was allowed to stand.
 

 On November 20, 2007, the circuit court set aside the probate court’s order admitting the will to probate. The circuit court’s order stated:
 

 “The matters before this court are the issues of whether a will submitted for probate more than five years after the testator’s death was effective, and further, whether or not the [contestants] had standing to bring the will contest. After oral arguments and the submission of briefs for both parties, the order admitting the will to probate and record issued by the Probate Court of Macon County on September 9, 2004, is set aside.
 

 “It is therefore ordered, adjudged, and decreed as follows:
 

 “1. The September 9, 2004, order of the Probate Court of Macon County admitting the November 1962 will of Homer C. Osborne to probate and record is no longer in effect.
 

 “2. The Probate Court of Macon County shall amend its records accordingly.”
 

 The proponents appealed.
 

 Standard of Review
 

 Questions of law are reviewed de novo.
 
 Christian v. Murray,
 
 915 So.2d 23,
 
 *1043
 
 25 (Ala.2005) (citing
 
 State v. American Tobacco Co.,
 
 772 So.2d 417, 419 (Ala.2000)).
 

 Discussion
 

 On appeal, the proponents argue, among other things, that under § 48-8-199, Ala. Code 1975, the circuit court lacked subject-matter jurisdiction over the will contest because the will contest was filed in the circuit court more than six months after the will had been admitted to probate. The contestants respond (1) that the proponents failed to preserve that issue for appellate review because they failed to raise the issue before the circuit court and (2) that the time in which to file the will contest was tolled by the fraud provision in § 43-8-5, Ala.Code 1975, because, the contestants say, the proponents fraudulently failed to give notice to the contestants of the proceedings in the probate court. Contestants’ brief, at 13, 26-27.
 

 Section 43-8-199, Ala.Code 1975, provides:
 

 “Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated.”
 

 In the present case, the will was admitted to probate on September 9, 2004. Thus, when the will contest was filed on February 24, 2006, the six-month period for contesting the will provided for by § 43-8-199 had passed.
 

 This Court has held that “^jurisdiction for a will contest is statutorily conferred; thus, a will contest must strictly comply with the statute, including any time limitations.”
 
 Christian,
 
 915 So.2d at 26. See also.
 
 Evans v. Waddell,
 
 689 So.2d 23, 27 (Ala.1997) (holding that “[bjecause a circuit court’s jurisdiction over a will contest is statutorily conferred and limited, a proceeding initiated under § 43-8-199 must comply exactly with the requirements of that statute”), and
 
 Eustace v. Browning,
 
 30 So.3d 445, 450 (Ala.Civ.App.2009) (holding that “[wjhether a will contest was filed in compliance with the applicable statutes is an issue of subject-matter jurisdiction”). Therefore, the proponents in the present case correctly argue that the circuit court’s subject-matter jurisdiction is affected by the contestants’ failure to comply with the time limitations in § 43-8-199.
 

 Contrary to the contestants’ argument on appeal, the proponents did not waive the issue of subject-matter jurisdiction by failing to argue it before the circuit court. This Court has specifically held that “a circuit court’s lack of jurisdiction' over a will contest can be raised at any time.”
 
 Kaller ex rel. Conway v. Rigdon,
 
 480 So.2d 536, 539 (Ala.1985). See also
 
 Riley v. Hughes,
 
 17 So.3d 643, 648 (Ala.2009) (holding that “subject-matter jurisdiction cannot be waived by the failure to argue it as an issue”), and
 
 Ex parte Smith,
 
 438 So.2d 766, 768 (Ala.1983) (holding that “[ljack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu”). Therefore, the proponents’ failure to present the issue of subject-matter jurisdiction to the circuit court did not waive the issue for appellate review or release this Court from its duty to consider whether the circuit court lacked subject-matter jurisdiction over the will contest.
 

 Next, the contestants argue that the time in which to file the will contest was tolled by the application of the fraud provision of § 43-8-5, Ala.Code 1975, which provides:
 

 
 *1044
 
 “Whenever fraud has been perpetrated in connection with any proceeding or in any statement filed under this chapter or if fraud is used to avoid or circumvent the provisions or purposes of this chapter, any person injured thereby may obtain appropriate relief against the perpetrator of the fraud or restitution from any person (other than a bona fide purchaser) benefitting from the fraud, whether innocent or not. Any proceeding must be commenced within one year after the discovery of the fraud or from the time when the fraud should have been discovered, but no proceeding may be brought against one not a perpetrator of the fraud later than five years after the time of the commission of the fraud. This section has no bearing on remedies relating to fraud practiced on a decedent during his lifetime which affects the succession of his estate.”
 

 In
 
 Christian,
 
 this Court indicated its agreement with a prior decision of the Court of Civil Appeals, holding:
 

 “[A]ppropriate relief for one injured by the fraud contemplated by Ala.Code 1975, § 43-8-5, would include the tolling of the time within which to file a will contest when ‘the facts upon which a contest could be based were misrepresented and concealed by the fraudulent acts of the proponents’ of the will.”
 

 Christian,
 
 915 So.2d at 27 (quoting
 
 Holway v. Wanschek,
 
 690 So.2d 429, 433 (Ala.Civ.App.1997)). In deciding whether conduct amounts to fraud sufficient to toll the six-month limitations period for filing a will contest, this Court concluded that “the Legislature intended that the fraud necessary to toll the time for filing á will contest must be that kind of fraud that would allow relief for ‘fraud on a court.’ ”
 
 Christian,
 
 915 So.2d at 28. This Court proceeded to define “fraud on a court” as follows:
 

 “ ‘This Court has defined “fraud upon the court” as that species of fraud that defiles or attempts to defile the court itself or that is a fraud perpetrated by an officer of the court, and it does not include fraud among the parties, without more.’
 
 Waters v. Jolly,
 
 582 So.2d 1048, 1055 (Ala.1991) (citing
 
 Brown v. Kingsberry Mortgage Co.,
 
 349 So.2d 564 (Ala.1977), and
 
 Spindlow v. Spindlow,
 
 512 So.2d 918 (Ala.Civ.App.1987)).
 
 Black’s Law, Dictionary
 
 686 (8th ed.2004) defines ‘fraud on the court’ as follows: ‘In a judicial proceeding, a lawyer’s or party’s misconduct so serious that it undermines or is intended to undermine the integrity of- the proceeding.’ See
 
 Ex parte Free,
 
 910 So.2d 753 (Ala.2005). The cases in which fraud on the court has been found, for the most part, have been cases in which there was ‘the most egregious conduct involving a corruption of the judicial process itself,’ such as the bribery of a judge or the employment of counsel to improperly influence the court. 11 Charles A. Wright et al.,
 
 Federal Practice & Procedure Civ.2d
 
 § 2870 (1995).”
 

 Christian,
 
 915 So.2d at 28. Finally, this Court stated that “[cjourts are to weigh the interest of justice against the need for finality of judgments in examining a claim of fraud on the court,” and “the interest in finality of the probate court’s judgment admitting the ... will to probate is ... great, as expressed by the act of the Legislature to limit the time for filing a will contest and to limit it to six months.”
 
 Christian,
 
 915 So.2d at 29.
 

 In the present case, the contestants simply have not alleged any specific conduct by the proponents that would amount to fraud sufficient to toll the six-month limitations period for filing a will contest. Before the circuit court and on appeal, the contestants have made only a bare allegation that “the [proponents] fraudulently
 
 *1045
 
 failed to give notice [of the proceedings in the probate court] to the [contestants].” However, the contestants have not cited any authority requiring that any type of notice of the proceedings be given to them, and we are not aware of any such authority. The contestants also have not alleged any specific fraudulent conduct by the proponents in failing to give such notice to the contestants. Furthermore, the contestants have not alleged with any degree of specificity how ‘“the facts upon which a contest could be based were misrepresented and concealed by the fraudulent acts of the proponents’ of the will.”
 
 Christian,
 
 915 So.2d at 27.
 

 On its face, § 43-8-199 does not give the circuit court jurisdiction to entertain a will contest more than six months after the will being contested has been admitted to probate. The contestants had the. burden of establishing that the circuit court had subject-matter jurisdiction over the will contest. See
 
 Crutcher v. Williams,
 
 12 So.3d 631, 635-36 (Ala.2008) (holding that “[t]he burden of establishing the existence of subject-matter jurisdiction falls on the party invoking that jurisdiction”). The contestants have not met that burden. Considering that the interest in the finality of the probate court’s judgment after six months is great and that the contestants have not alleged fraud sufficient to toll the six-month limitations period, we conclude that the circuit court did not have subject-matter jurisdiction over the will contest in the present case.
 

 Finally, this Court’s holding that the circuit court did not have subject-matter jurisdiction over the will contest makes it unnecessary for us to address whether the contestants were “person[s] interested in [the] will” so as to have standing to commence the will contest under § 43-8-199, Ala.Code 1975.
 

 Any action taken by a trial court without subject-matter jurisdiction is void.
 
 State v. Property at 2018 Rainbow Drive,
 
 740 So.2d 1025, 1029 (Ala.1999). Furthermore, “a void order or judgment will not support an appeal.”
 
 Gallagher Bassett Servs., Inc. v. Phillips,
 
 991 So.2d 697, 701 (Ala.2008). Because the circuit court lacked subject-matter jurisdiction, its judgment is void and will not support this appeal.
 

 Conclusion
 

 The judgment in favor of the contestants is void and due to be vacated. Furthermore, because a void judgment will not support an appeal, this appeal is dismissed.
 

 JUDGMENT VACATED; APPEAL DISMISSED.
 

 COBB, C.J., and WOODALL, SMITH, PARKER, and SHAW, JJ„ concur.